Per Curiam.

The two appeals presently before the court are by certain Ohio municipalities from orders of the Public Utilities Commission of Ohio approving a permanent increase in telephone charges and rates in different areas of this state by the General Telephone Company of Ohio and the Ohio Consolidated Telephone Company, both Ohio corporations, pursuant to the applications of the companies therefor.
In both cases the assignments of error are practically the same and read:
“1. The commission did not have jurisdiction to hear the application of the company for increases in rates and charges and to make an order therein.
“2. The commission erred in hearing, considering, and determining the application of the company for increases in rates and charges on a so-called ‘company-wide basis, ’ that is, on the basis of the combined valuations, the combined expenses, and the combined net operating income of its * * * [136 separate exchanges of the General Telephone Company of Ohio and 39 separate exchanges of the Ohio Consolidated Telephone Company] and in failing and refusing to hear, consider, and determine the application on an ‘exchange or local basis,’ that is, on the basis of the value of the company’s property used and useful in rendering telephone service in each separate exchange; the gross operating incomo of the company in each *278 separate exchange; the operating expenses of the company in each separate exchange; and the net operating income of the company in each separate exchange. ’ ’
Section 543, General Code (Section 4903.10, Revised Code), provides, inter alia, that no person or corporation shall in any court urge or rely on any ground not set forth specifically in the application for rehearing before the commission.
An examination of the applications for rehearing filed with the commission by the appellants in both the instant cases discloses nine specified grounds. On the appeals to this court but two assignments of error, quoted above, are set forth and argued.
The first assignment of error is identical with the first ground for rehearing presented to the commission and the second assignment of error herein is a combination of the fourth and fifth grounds for rehearing embodied in the applications for rehearing before the commission.
The first assignment of error in this court and the first ground for rehearing before the commission are broad and general and state no more than a conclusion; they completely fail to allege in what respect the commission lacked jurisdiction to hear and determine the applications for increased telephone rates.
Under our statutes, the commission has jurisdiction to hear and determine the application of a telephone company for increased rates. The assignment of error under discussion does not state any specific reason or ground as to why the commission did not have such jurisdiction with respect to these particular applications.
It would, therefore, seem evident that the plain requirements of Section 543, General Code, demanding a specific statement of the grounds on which an order of the commission is deemed unreasonable or unlawful, have not been met.
*279 In the seventeenth paragraph of the syllabus in the case of City of Cincinnati v. Public Utilities Commission, 151 Ohio St., 353, 86 N. E. (2d), 10, this court laid down the following principle of law:
“On an appeal from an order of the Public Utilities Commission, the Supreme Court cannot consider any matter which was not specifically set forth in an application to the commission for a rehearing as a ground on which the appellant considered the order of the commission to be unreasonable or unlawful. (Section 543, General Code, construed and applied.)”
And near the close of the opinion in the cited case Judge Taft said:
“We realize that, in its application for rehearing, the city did set forth as grounds on which the city considered the commission’s order to be unreasonable or unlawful that (a) ‘the commission erred in that its opinion, findings and order of May 25, 1948, are not supported or sustained by the evidence, are manifestly against the weight of the evidence, are in clear and direct conflict therewith, are unreasonable and contrary to law,’ and (b) ‘there are other errors apparent on the face of the record, prejudicial to the rights of the city of Cincinnati, to which it has duly excepted. ’ “In our opinion, such general grounds do not ‘set forth specifically’ this ground now relied upon by the city, as the General Assembly intended that it should be set forth in order to receive consideration from this court on appeal. Where a right to appeal is conferred by statute, the exercise of that right is conditioned upon compliance with the accompanying mandatory requirements. Zier v. Bureau of Unemployment Compensation, 151 Ohio St., 123; Kinsman Square Drug Co. v. Evatt, Tax Commr., 145 Ohio St., 52, 60 N. E. (2d), 668. It may fairly be said that, by the language which it used, the General Assembly indicated clearly its intention to deny the right to raise *280 a question on appeal where the appellant’s application for rehearing used a shotgun instead of a rifle to hit that question.”
For the reasons stated appellants’ first assignment of error may not be considered by this court.
As to the second assignment of error, we think this matter was settled adversely to appellants in the case of City of Cambridge v. Public Utilities Commission, 159 Ohio St., 88, 111 N. E. (2d), 1, where the second paragraph of the syllabus reads:
“In determining whether temporary rates prescribed by the Public Utilities Commission for telephone service rendered by an Ohio telephone company in any particular exchange are fair, just and reasonable, the property, revenues and expenses of such company may be considered on a company-wide basis.”
Of course in the case last cited, temporary rates were in issue whereas permanent rates are here involved, but the same principle holds good in both instances.
In appellee commission’s brief it is pointed out that the well nigh universal practice adopted by regulatory bodies in fixing rates and charges for telephone companies is on a company-wide basis as opposed to an exchange or local basis. Numerous cases are listed where such practice has been followed and there is nothing in the statutory law of Ohio which might call for a contrary procedure in this state. See Section 614-13, General Code (Section 4905.22, Revised Code), Section 614-15, General Code (Section 4905.35, Revised Code), and Section 614-23, General Code (Section 4909.15, Revised Code).
In following such practice, however, the rates and charges in a particular locality should be just and reasonable with due regard for the surrounding circumstances. That the commission recognizes this principle is indicated by the fact that the schedules *281 prescribed with respect to different communities having varying types of telephone service were graded, so that in some communities the rates and charges fixed were materially higher or lower, as the case might be, than in others.
Although it may be that the commission should have permitted the appellants to show the charges and rates of other telephone companies in communities comparable to those involved in the instant cases as bearing on the question of the reasonableness of the rates and charges here considered and approved, appellants do not assign such failure as a ground of error.
It follows that these appeals are dismissed as to the first ground of error assigned, and as to the second ground of error the orders of the commission are affirmed.

Judgments accordingly.

Weygandt, C. J., Middleton, Taut, Hart, Zimmerman and Stewart, JJ., concur.