PERRY, APPELLANT, *v.* GILES, ADMR., ET AL., APPELLEES.

(No. 78CV3-10—Decided April 24, 1979.)

Court of Common Pleas of Vinton County.

*Mr. Philip H. Rose,* for plaintiff-appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Eugene P. Nevada,* for defendant-appellee Bureau of Employment Services.

*Messrs. Squire, Sanders & Dempsey* and *Mr. Donald A. Wall,* for defendant-appellee Austin Powder Company.

RADCLIFFE, J. This appeal was taken from an Order of the Unemployment Compensation Board of Review made on the 16th day of February, 1978.

The order stated:

"***

"A decision on reconsideration shall become final and

benefits paid or withheld in accordance therewith unless an appeal is filed within fourteen (14) calendar days after the mailing to the last known post office address of the appellant. Since the fourteen-calendar-day period is imposed by statute, compliance with the statutory requirement is necessary***."

The facts are not in dispute. Betty Perry quit her employment on the 3rd day of October, 1977, without notice and filed a claim for unemployment benefits on the 12th day of October, 1977, for the week ending October 15, 1977.

This claim was denied on the basis that the claimant quit her employment without just cause and that benefits for the duration of the unemployment caused by this quit were suspended, and this weekly claim was denied on October 21, 1977.

Claimant timely filed a request for reconsideration on October 31, 1977, and on November 15, 1977, the administration reconsideration decision affirming the prior decision was mailed to the claimant.

This decision contained the following footnote:

"Appeal rights: If you think this determination is incorrect as to fact or law, or if you have additional facts which might affect the determination, you may file an appeal in person at any bureau office. You will be given assistance in preparing your written appeal. If you desire, you may write directly to the Board of Review, 145 South Front Street, P. O. Box 1618, Columbus, Ohio 43216. To be considered timely, your appeal must be filed in person or postmarked no later than fourteen calendar days after the date entered in Item 5 on this form. If the fourteenth day falls on a legal holiday, the period for filing is extended to include the next scheduled workday. If the appeal is filed by mail, it must indicate the items with which you disagree, the reason for disagreement, and the social security account number shown in Item 3 on this form."

The determination was mailed on November 15, 1977.

The claimant mailed a letter postmarked November 30, 1977, requesting a hearing on "sticking with her reason for quitting." This letter was mailed to a bureau office. The claimant indicated in this letter the items with which she disagreed, the reason for the disagreement and her social security number.

A hearing was had on December 19, 1977, attended by claimant before referee. The referee found the appeal not to be timely filed and dismissed the appeal on December 23, 1977, with instructions as to the manner of further appeal before the Board of Review by filing within 14 calendar days following the date of mailing. On January 6, 1978, by letter, the claimant further appealed.

The Board of Review by decision of February 16, 1978, disallowed further appeal and the claimant filed notice of appeal from this decision in the Common Pleas Court of Vinton County on the 15th day of March, 1978.

The matter has been carefully briefed by the parties to this proceeding and cause submitted.

R. C. 4141.28 states in part:

"(H) Any interested party may appeal the administrator's decision on reconsideration to the board and unless an appeal is filed from such decision on reconsideration with the board *within fourteen calendar days after such decision* was mailed to the last known post office address of the appellant such decision on reconsideration is final and benefits shall be paid or denied in accordance therewith.

"(I) Requests for reconsideration or appeals may be filed with the board, with the administrator or one of his deputies, with an employee of another state or federal agency, or with an employee of the unemployment insurance commission of Canada charged with the duty of accepting claims. Any timely written notice stating that the interested party desires a review of the previous determination or decision and the reasons therefor, shall be accepted."

In *VanMeter* v. *Segal-Schadel Co.* (1966), 5 Ohio St. 2d 185, the Supreme Court faced with a similar case stated at page 186:

" 'The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that when the last day falls on Sunday or a legal holiday, then the act may be done on the next succeeding day which is not a Sunday or a legal holiday.' "

Thus, pursuant to the first paragraph of R. C. 1.14, in determining the time within which claimant's application for reconsideration was to be filed, we exclude November 15th, and the 14th day was November 29, 1977.

In our opinion, statutes providing for appeals and for proceedings with respect to appeals and for limitations on the right of appeal are remedial in nature and should be given a liberal interpretation in favor of a right of appeal. Thus, R. C. 1.11 reads in part:

"Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice.***"

We believe that the same may be said with regard to R. C. 1.14 and 4141.28 (H).

This is borne out by further portions of R. C. 4141.28:

"(J) When an appeal from a decision on reconsideration of the administrator or deputy is taken, all interested parties shall be notified and the board or a referee shall, after affording such parties reasonable opportunity for a fair hearing, affirm, modify, or reverse the findings of fact and the decision of the administrator or deputy in the manner which appears just and proper. In the conduct of such hearing or any other hearing on appeal to the board which is provided in this section, the board and the referees shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure. The board and the referees shall take any steps in such hearings, consistent with the impartial discharge of their duties, which appear reasonable and necessary to ascertain the facts and determine whether the claimant is entitled to benefits under the law. For the purpose of any hearing on appeal which is provided in this section, the file of the administrator pertaining to the case shall be certified by the administrator and shall automatically become a part of the record in the appeal hearing. All information in such file which pertains to the claim, including statements made to the administrator or his deputy by the individual claiming benefits or other interested parties, shall be considered by the board and the referees in arriving at a decision, together with any other information which may be produced at the hearing.

"(1) The failure of the claimant or other interested party to appear at a hearing, unless he is the appealing party, shall not preclude a decision in his favor, if on the basis of all the information in the record, including that contained in the file of the administrator, he is entitled to such decision."

There is a distinction, however, between the right of appeal and the perfection of appeal.

In *Zier* v. *Bureau of Unemployment Compensation* (1949), 151 Ohio St. 123, the Supreme Court held in paragraph No. 1 of the syllabus:

"An appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements."

The court further enunciated at page 125:

"It is elementary that an appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right of appeal conferred is conditioned upon compliance with the accompanying mandatory requirements. *Collins, Exr.* v. *Millen,* 57 Ohio St. 289, 291, 48 N. E., 1097. No one would contend that a notice of appeal need not be filed within the time fixed by statute. Compliance with a requirement that a notice of appeal shall be filed within the time specified, in order to invoke jurisdiction, is no more essential than that the notice be filed at the place designated and that it be such in content as the statute requires. *Kinsman Square Drug Co.* v. *Evatt, Tax Commr.,* 145 Ohio St. 52, 60 N. E. (2d), 668; *Dayton Rental Co.* v. *Evatt, Tax Commr.,* 145 Ohio St. 215, 61 N. E. (2d), 210; and *American Restaurant & Lunch Co.* v. *Glander, Tax Commr.,* 147 Ohio St. 147, 70 N. E. (2d), 93.

"In the case last cited, it was held in the syllabus that 'where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred.'"

Without unnecessarily extending this opinion, we should note that it is our duty in interpreting statutory language to decide what the General Assembly enacted.

The right to appeal in unemployment compensation proceedings is statutory, and the time-limit provision of R. C. 4141.28 is mandatory.

The appellee's appeal was not filed within the 14 calendar days following the mailing of the notice by the administrator.

The Supreme Court of Ohio reaffirmed this decision in 1975 in *Todd* v. *Garnes,* 44 Ohio St. 2d 56, stating at page 57:

" 'Compliance with these specific and *mandatory* re-

quirements governing the filing of such notice is essential to invoke jurisdiction***' "

Therefore said appeal is hereby denied and final judgment is granted in favor of defendants-appellees and against the plaintiff-appellant.

*Judgment for appellees.*

RADCLIFFE, J., sitting per assignment.