By the Court.
 

 Section 5546-9a, General Code, provides that a vendor against whom such an assessment is made may perfect an appeal to the Board of Tax Appeals “in the same time, manner and form as that provided in Section 5611 of the General Code of Ohio.” The pertinent provisions of amended Section 5611, General Code, now read as follows:
 

 “Such appeals shall be taken by the filing of a written notice to that effect with the Board of Tax Appeals and with the Tax Commissioner within thirty days after notice of the tax assessment, reassessment, valuation, determination, finding, computation or order, by the Tax Commissioner, shall have been given or otherwise evidenced, as required by law. The notice of such appeal shall set forth or shall have attached thereto and incorporated therein by reference, a true copy of the notice sent by the commissioner to the taxpayer of the final determination complained of, and shall also specify the error or errors therein complained of.”
 

 
 *54
 
 In its notice the appellant company states in the only relevant part that:
 

 “This applicant further states that said petition for reassessment and hearing was heard in Cleveland, Ohio, on May 27, 1943, and that on September 1, 1943, William S. Evatt, Tax Commissioner, did notify this applicant that its petition for reassessment and hearing had been denied, setting forth the reasons therefor.”
 

 The appellant company does not contend that this statement sets forth a true copy of the notice sent by the commissioner or that such a copy was attached thereto and incorporated by reference, as required by amended Section 5611, General Code. However, it insists that its notice constitutes a “substantial compliance” with the specific terms of that section, and reliance is placed upon the second paragraph of the syllabus in the case of
 
 Trotwood Trailers, Inc.,
 
 v.
 
 Evatt, Tax Commr.,
 
 142 Ohio St., 197, 51 N. E. (2d), 645, which reads as follows:
 

 “A notice of appeal to the Board of Tax Appeals, seasonably filed, which does not ‘set out’ a complete copy of the tax asesssment made by the Tax Commissioner, from which the appeal is taken, which does not contain a specification of the errors complained of, but which does describe the assessment as made on a certain date, and which states that the appeal is on questions of law and fact, is not jurisdictionally defective and may, on motion, be corrected by amendment. ’ ’
 

 In the meager notice in the instant case the assessment is not described and there is no statement that the appeal is on questions of law and fact. The appellant’s notice falls far short of a substantial compliance with the plain, increased requirements of the amended statute.
 

 
 *55
 
 The decision of the Board of Tax Appeals must be affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.