Matthias, J.
 

 Appeal from a final determination of the Tax Commissioner to the Board' of Tax Appeals is authorized by Section 5611, General Code, as amended (119 Ohio Laws, 48) which provides in part as follows:
 

 “Such appeals [from final determinations by the Tax Commissioner to the Board of Tax Appeals] shall be taken by the filing of a written notice to that effect with the Board of Tax Appeals and with the Tax Commissioner within thirty days after notice of the tax assessment, reassessment, valuation, determination, finding, computation or order, by the Tax Commissioner, shall have been given or otherwise evidenced, as required by law. The notice of such appeal shall set forth or shall have attached thereto and incorporated therein by reference, a true copy of the notice sent by the commissioner to the taxpayer of the final determination complained of, and shall also specify the error or errors therein complained of.”
 

 In order to perfect an appeal from the Tax Commissioner to the Board of Tax Appeals, it is, therefore, required that written notice to that effect
 
 shall
 
 be filed with the Board of Tax Appeals and with the Tax Commissioner
 
 within 30 days
 
 after notice shall have been given of the action of the Tax Commissioner, and that such notice of appeal
 
 shall set forth
 
 or
 
 shall have attached thereto,
 
 and incorporated therein by reference, a true copy of notice sent by the commissioner to the taxpayer of the final determination complained of and
 
 shall
 
 also specify the error or errors therein complained of.
 

 These requirements are specific and in terms that
 
 *150
 
 are mandatory. The very statute which authorizes the appeal prescribes the conditions and procedure under and by which such appeal may be perfected. Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred. “The party who seeks to exercise this right, must comply with whatever terms the statutes of the state impose upon him as conditions to its enjoyment.”
 
 Collins, Exr.,
 
 v.
 
 Millen,
 
 57 Ohio St., 289, 291, 48 N. E., 1097.
 

 It is to be observed that the communication filed by the appellant with the Board of Tax Appeals in the instant case wholly fails either to set forth or have attached thereto, and incorporated therein by reference, a copy of the notice sent by the commissioner to the taxpayer of the final determination complained of.
 

 This court has heretofore held in the cases of
 
 Kinsman Square Drug Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 145 Ohio St., 52, 60 N. E. (2d), 668, and
 
 Dayton Rental Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 145 Ohio St., 215, 61 N. E. (2d), 210, that substantial compliance with these mandatory requirements constitutes a condition precedent to the right to be heard, upon appeal, by the Board of Tax Appeals and that a failure to comply therewith warrants the dismissal thereof by the Board of Tax Appeals.
 

 The appellant contends that the Board of Tax Appeals was in error in denying- the application, filed ten months after the expiration of the time prescribed by statute for the perfection of the appeal, to amend its notice of appeal, and particularly in holding- that the Board of Tax Appeals was without authority to then permit the amendment sought.
 

 Claimed support for such contention based upon the decision of this court in the case of
 
 Trotwood Trailers, Inc.,
 
 v.
 
 Evatt, Tax Commr.,
 
 142 Ohio St., 197,
 
 *151
 
 51 N. E. (2d), 645, vanishes by reason of the amendment, in 119 Ohio Laws, 48, of Section 5611, General Code, subsequent to the assessment involved in that case. As in effect at the time of that assessment, that section read in part as follows:
 

 “The notice of such appeal or application shall set forth the tax assessment, valuation, determination, finding, computation or order, or the correction or redetermination thereof, complained of, and the errors therein complained of.” (118 Ohio Laws, 353.)
 

 It will be observed that the subsequent amendment, as hereinabove set forth, makes specific and mandatory the requirements of the notice of appeal, as to the meaning and effect of which there is no room for controversy. It must be conceded that the filing of the required notice of appeal must be within the time prescribed by the statute. That is a condition precedent to the enjoyment of the right of appeal conferred by the statute. Any of the other statutory requirements as to the notice would be a nullity if, subsequent to the time prescribed for perfection of the appeal, amendment of the notice, by supplying the statements required by the statute, would be permitted; for that would be equivalent to filing the required notice of appeal after the expiration of the time limit prescribed therefor. We hold that the filing of such notice of appeal as specified by the provisions of Section 5611, General Code, and within the time limited thereby is jurisdictional.
 

 It follows that the decision of the Board of Tax Appeals, wherein it denied the application of the appellant, filed subsequent to the expiration of the time limit for the perfection of its appeal, for leave to so amend its notice as to then comply with the requirements of the statute above indicated, and subsequently dismissed the appeal, was neither unreasonable nor unlawful.
 

 
 *152
 
 The decision of the Board of Tax Appeals is therefore affirmed.
 

 Decision affirmed.
 

 Weygandt, C., J., Bell, Williams, Turner and Hart, JJ., concur.
 

 Zimmerman, J., not participating.