Zimmerman, J.
On this appeal from the decision of the Board of Tax Appeals the only question presented is whether the appellant taxpayer’s notice of appeal to the board from the final order of the Tax Commissioner confirming increased tangible personal property tax assessments against appellant for the tax years 1950, 1951 and 1952 is sufficient to meet the requirements of Section 5611, General Code (Section 5717.02, Revised Code).
The board said it is not and, on motion of the Tax Commissioner, dismissed the appeal on jurisdictional grounds. Is such decision unreasonable or unlawful?
It appears from the record that under its application to the Tax Commissioner for review and redetermination of the increased assessments appellant complained specifically that the assessed values of its machinery, equipment, furniture and fixtures for the years involved were in excess of their true values because inadequate rates of depreciation had been employed in computing such values, and, in addition, that the average monthly inventory values assessed were more than the true average values thereof on account of the inclusion therein of an increment of value for inventoried items having an out-of-state situs. Upon consideration, the Tax Commissioner denied appellant the relief sought and affirmed the assessments.
In its notice of appeal to the Board of Tax Appeals, appellant set forth the following errors:
“1. The decision is contrary to law.
“2. The decision is not sustained by the evidence is contrary to the evidence.
“3. The decision is against the weight of the evidence.
“4. The assessment placed upon the property involved is excessive, contrary to law and the evidence. ’ ’
That part of Section 5611, General Code, covering appeals from final determinations of the Tax Commis *581 sioner to the Board of Tax Appeals and which is controlling, recites:
“The notice of such appeal shall set forth, or shall have attached thereto and incorporated therein by reference, a true copy of the notice sent by the commissioner to the taxpayer of the final determination complained of, and shall also specify the errors therein complained of.” (Emphasis added.)
This court has considered similar problems on previous occasions. In the case of American Restaurant & Lunch Co. v. Glander, Tax Commr., 147 Ohio St., 147, 149, 70 N. E. (2d), 93, 94, the opinion, after detailing the provisions of Section 5611, General Code, continues as follows: •
“These requirements are specific and in terms that are mandatory. The very statute which authorizes the appeal prescribes the conditions and procedure under and by which such appeal may be perfected. Where a'statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred. ‘The party who seeks to exercise this right, must comply with whatever terms the statutes of the state impose upon him as conditions to its enjoyment.’ Collins, Exr., v. Millen, 57 Ohio St., 289, 291, 48 N. E. 1097.”
To the same effect are Kent Provision Co., Inc., v. Peck, Tax Commr., 159 Ohio St., 84, 110 N. E. (2d), 776, and David v. Peck, Tax Commr., 161 Ohio St., 80, 118 N. E. (2d), 146.
A somewhat analogous situation is presented by Section 543, General Code (Section 4903.10, Revised Code), pertaining to an application for rehearing before the Public Utilities Commission. In its pertinent part that section reads:
“Such application shall set forth specifically the ground or grounds on which the applicant considers said order to be unreasonable or unlawful. ’ ’
*582 That section was considered and analyzed in the case of City of Cincinnati v. Public Utilities Commission, 151 Ohio St., 353, 86 N. E. (2d), 10, and in the seventeenth and eighteenth paragraphs of the syllabus it was held:
“On an appeal from an order of the Public Utilities Commission, the Supreme Court cannot consider any matter which was not specifically set forth in an application to the commission for a rehearing as a ground on which the appellant considered the order of the commission to be unreasonable or unlawful. (Section 543, General Code, construed and applied.)
“Where such an appellant set forth in an application to the commission for rehearing, as a ground on which the appellant considered the findings and order of the commission fixing rates to be unreasonable or unlawful, that such findings and order ‘are not supported or sustained by the evidence, are manifestly against the weight of the evidence, are in clear and direct conflict therewith, are unreasonable and contrary to law,’ he does not thereby ‘set forth specifically,’ within the meaning of Section 543, General Code, either of the following grounds:
“ (a) That, in a schedule to the findings and opinion of the commission made pursuant to Section 614-46a, General Code, the commission set forth a deduction for administrative, and general expenses, which deduction was more than $35,000 in excess of what the gas company claimed and the evidence in the record justified.
“(b) That there was no evidence in the record to sustain the conclusion of the commission, set forth-in such findings and opinion, as to the gross-revenue yield from the rates fixed by the commission.”
Recently this court had the same question before it in City of Marion v. Public Utilities Commission, ante, 276, wherein the holding in City of Cincinnati v. Public *583 Utilities Commission, supra, was approved and followed.
So, in the instant case, the appellant in its notice of appeal to the Board of Tax Appeals dealt in generalities. The errors set out are snch as might be advanced in nearly any case and are not of a nature to call the attention of the board to those precise determinations of the Tax Commissioner with which appellant took issue. Under the wording of the statute the board was entitled to be advised specifically of the various errors charged to the Tax Commissioner. The statute requires in plain language that the errors complained of be specified. The word, “specify,” according to Black’s Law Dictionary (4 Ed.) means “to mention specifically; to state in full and explicit terms; to point out; to tell or state precisely or in detail; to particularize; or to distinguish by words one thing from another.” See, also, 39A Words and Phrases (Perm. Ed.), 469. And in Webster’s New International Dictionary (2 Ed.), “specify” is defined as “to mention or name in a specific or explicit manner; to tell or state precisely or in detail.”
Certainly appellant’s tabulation of errors as contained in its notice of appeal does not comply with the quoted definitions. Appellant’s whole quarrel with the Tax Commissioner’s determination was that the assessed value of certain described items of its tangible personal property was incorrect by reason of the application of inadequate depreciation allowances, and. further, that the average monthly inventory values placed on other designated property it owned were incorrect and too high because of the improper inclusion of property which was located outside the state of Ohio. It would have been a relatively simple matter for appellant to have set out these complaints in definite language.
This court has no disposition to be hypertechnical *584 and to deny the right of appeal on captious grounds but it cannot ignore statutory language which demands that certain conditions be met to confer jurisdiction upon an appellate tribunal.
In contending that the errors assigned in its notice of appeal are sufficient and meet the statutory requirement, appellant relies on language which appears in the statements of fact in the cases of American Restaurant & Lunch Co. v. Glander, Tax Commr., supra, and American Culvert-Fabricating Co. v. Glander, Tax Commr., 158 Ohio St., 351, 109 N. E. (2d), 475. However, a perusal of the opinions in those cases discloses no declarations sanctioning a notice of appeal such as was filed by appellant herein.
On the basis of what has been said, we cannot denote the decision of the Board of Tax Appeals dismissing the appeal on jurisdictional grounds as unreasonable or unlawful, and such decision is, therefore, affirmed.

Decision affirmed.

Weygandt, C. J., Taet, Haet and Lamneck, JJ., concur.
Middleton and Stewart, JJ., dissent.