**MITCHELL, Claimant-Appellee, v. STATE BUREAU OF UNEMPLOYMENT COMPENSATION, Admr. et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24512.   Decided October 15, 1958.

Fleck & Fleck, for claimant-appellee.
William Saxbe, Atty. Genl., John W. Hardwick, Richard F. Patton, for defendants-appellants.

## OPINION

By SKEEL, PJ.

This appeal comes to this court on questions of law from a judgment of the Court of Common Pleas of Cuyahoga County, reversing a decision or order of the Board of Review, Bureau of Unemployment Compensation. denying the claimant benefits under the Unemployment Compensation Act. The court reversed the order of the Board and remanded the proceeding to the Board of Review of the Bureau of Unemployment Compensation with instructions to afford the claimant a rehearing under the provisions of the statute wherein upon such rehearing, a record is made as a prerequisite to an appeal to the court of common pleas.

The record discloses that the claimant was an employee of the Ohio Disposal Company; that he left his employment December 14, 1955, and filed this claim to determine benefit rights under the Unemployment Compensation Act on January 4, 1956. He was thereafter employed by the Cleveland Maintenance Company, Inc., beginning February 7, 1956. He was separated from this employment on August 31, 1956, and filed a "claim statement" with the administrator on September 4, 1956 without making a new application. The claim was handled from this point on as if an application had been filed naming the Cleveland Maintenance Company, Inc., as his last employer. The referee at the hearing on October 15, 1956, took note of the above facts and then proceeded with the hearing. We will, therefore, give no consideration to the absence of a proper application.

An issue of fact was presented as to whether claimant was wrongfully discharged by the Cleveland Maintenance Company, Inc., it being the claim of the employer that he voluntarily quit for reasons personal to himself. On September 13, 1956, the administrator disallowed the claim. A request for reconsideration was filed September 19, 1956, whereupon on September 20, 1956, on reconsideration, the administrator affirmed his determination of September 13, 1956.

On September 26, 1956, an appeal to the Board of Review was requested by a proper notice, as provided by law. On October 26, 1956, after hearing held on October 15, 1956, at which the evidence was taken and recorded, the referee, acting on behalf of the Board of Review, affirmed the decision of the administrator, the decision of the referee being filed and notices thereof mailed to the interested parties on that day.

On October 31, 1956, the applicant filed an application for leave to institute a further appeal from the decision of the referee. On January 8, 1957, the Board of Review disallowed the right to further appeal and notices were on that day mailed to all interested parties.

The Bureau of Unemployment Compensation, on January 31, 1957, received a letter dated January 16, 1957, but postmarked January 30, 1957, addressed to Governor Frank J. Lausche and the State of Ohio Bureau of Unemployment Compensation, which was as follows:

"The cause for this letter is that I know that I had just cause for quitting the job that I was working. This is the reason that I quit the Cleveland Maintence.

"I went to work for the Maintence Co. as a turck driver at $7.50 a day loaking brick and was rise to ten dollars a day after a time. Then I was but on night driving. I work from Saunday to Friday, Saturday was my day of. But I had to report to the job to get my work list for Sunday. I ask Jack the boss to put my work list in the glove apartment of the turck because I had affair to take care of on my day off. All so I need'et a rest. Jack say thear is rest in rubbish business.

"My working houres was suppose to be 2PM LO pm and I came in a 2pm and it would be 3pm or 4pm before a got stat, et work I wouldn't get pay for the time I was on the job waiting on my turck to come in.

"I also ask for a rise I was told that he would see about it that went on over 3 week.

"And on my 1st week I was told to work late Thursday & Friday and was out till the job was thought. When I received my check my over time wasn't on it, I ask Jack about it and Jack say I had to wate till Mr. Welldon return. So I didn't return to work anymore, I have been reporting to the Claims Office from Sept 4, 1956 to Jan 17, 1957.

S/ John Mitchell
SS. 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
2330 Unyin Rd.
Cleveland, Ohio.

Postmarked Jan. 30, 1957
Received Jan. 31, 1957."

On March 14, 1957, the Board made the following entry:

"On January 16, 1957, Claimant appealed.

"However, although directed to the Board of Review, said appeal did not set forth the notice of intention to appeal to court and request for rehearing provided in §4141.28 R. C., as follows:

" '* * * Any interested party may, within ten days after notice of the board's decision or order was mailed to the last known post-office address of such parties, **file notice** with the board **of intention to appeal** any such decision or order of the board adversely affecting such party **to a court of common pleas and request a rehearing** by the board. * * *' " (Emphasis by the Board.)

"By failure to set forth the prescribed notice of intention to appeal to court and request for rehearing said appeal must be deemed to be deficient, in that it does not meet specific statutory requirements respecting such 'notice' and 'request.'

"By reason of the foregoing said appeal cannot be accepted as a valid Notice and Request, and it confers upon the Board no jurisdiction to consider any substantive issue(s).

"IT IS THEREFORE ORDERED that the appeal filed by claimant on January 16, 1957 be and the same is hereby dismissed."

Notice of the foregoing decision of the Board was mailed to all interested parties on March 14, 1957. Thereafter, on April 10, 1957, the claimant filed a notice of appeal with the Clerk of Courts of Cuyahoga County and copy was mailed to all interested parties.

Upon trial on appeal in the Court of Common Pleas, the court, by its journal entry, which was filed with the Clerk March 12, 1958, reversed

the decision of the Board of Review of the Bureau of Unemployment Compensation and remanded the cause "to the Board of Review, Bureau of Unemployment Compensation for the purpose of having a rehearing record made and by allowing the within claimant the opportunity to perfect further appeals according to law at appellee's cost."

Sec. 4141.28 R. C., provides:

"* * * Any interested party may, within ten days after notice of the board's decision or order was mailed to the last known post-office address of such parties, file notice with the board of intention to appeal any such decision or order of the board adversely affecting such party to a court of common pleas and request a rehearing by the board. Such notice and requqest for rehearing shall be filed with the board in the manner and in the form and at such place as may be prescribed by the board. When any such notice and request is so filed with the board, the board shall afford all interested parties a fair rehearing. All interested parties shall be notified of the board's decision on rehearing and the reasons thereof by mail addressed to the last known post-office address of such parties. A complete record shall be kept of each case heard before the board on rehearing. * * *"

It is the contention of the appellant, as shown by the decision of the Board of Review, dated March 14, 1957, that the letter, above quoted, is not a sufficient notice of the intention of the claimant to appeal to the courts or to invoke the jurisdiction of the Board of Review to "consider any substantive issues" on reconsideration necessary to institute an appeal to the court. It does not set forth the necessary statements of fact required by statute.

As quoted above, the statute provides that the interested party adversely affected may, within ten days "* * * file notice with the board of intention to appeal the decision or order of the board * * * to the common pleas court and request a rehearing by the board * * *." It will be noticed that at least two requirements of the statute are not mentioned in the letter: first, that the claimant intends to appeal to the court, and second, that he requests a rehearing as a prerequisite for that purpose. The sufficiency of a notice filed with an administrative agency, provided for by statute, has been the subject of a number of Supreme Court cases in which the court has held that all requirements of the statute, such as are here being considered, are mandatory and notice, to be sufficient, must reasonably inform the other interested parties of those things which the statute prescribes. **Zier v. Bureau of Unemployment Compensation, 151 Oh St 123, 84 N. E. 2d 746. American Restaurant & Lunch Co. v. Glander, Tax Commr., 147 Oh St 147, 70 N. E. 2d 93; Moore v. Foreacher, Recr., 156 Oh St 255, 102 N. E. 2d 8.**

It is our conclusion that the letter, above quoted, was not a sufficient notice of the claimant's intention to appeal to the Court of Common Pleas and that the Bureau correctly refused to proceed with the rehearing for which such letter was claimed to suffice as the notice of claimant's intention to appeal to the Court of Common Pleas. The court was, therefore, without jurisdiction to direct the Board to afford the claimant a rehearing because of such deficiency of the notice.

For the foregoing reasons, the judgment of the Court of Common Pleas is reversed and final judgment entered for the appellant.

HURD and KOVACHY, JJ, concur.