Mɪᴅ Aᴍᴇʀɪᴄᴀɴ Mᴀᴄʜɪɴᴇ Tᴏᴏʟs, Iɴᴄ., Aᴘᴘᴇʟʟᴀɴᴛ, *v.* Lɪɴᴅʟᴇʏ, Tᴀx Cᴏᴍᴍʀ., Aᴘᴘᴇʟʟᴇᴇ.

(No. 81-316—Decided December 2, 1981.)

94

Mr. Fred J. Milligan, Jr., for appellant.

Mr. William J. Brown, attorney general, and Ms. Barbara E. Vest, for appellee.

Per Curiam. The threshold issue in this appeal is whether the Board of Tax Appeals lacked jurisdiction to rule on the merits of appellant's appeal because appellant had not, pursuant to R. C. 5717.02, sufficiently specified the grounds for relief in its notice of appeal.

R. C. 5717.02 provides, in pertinent part, that appeals from final determinations by the Tax Commissioner "***shall be taken by the filing of a notice of appeal with the board [of tax appeals]***. *The notice of appeal***shall also specify the errors therein complained of.*" (Emphasis added.)

In the recent case of *Lenart* v. *Lindley* (1980), 61 Ohio St. 2d 110, at page 114, we noted that "[i]n considering this question of specificity in the past, this court has held that R. C. 5717.02 is a jurisdictional enactment and that adherence to the conditions and procedure set forth in the statute is essential. *E.g., American Restaurant & Lunch Co.* v. *Glander* (1946), 147 Ohio St. 147, 70 N.E. 2d 93; *Kent Provision Co.* v. *Peck* (1953), 159 Ohio St. 84, 110 N.E. 2d 776; *Queen City Valves* v. *Peck, supra,* (161 Ohio St. 579); *Ladas* v. *Peck* (1954), 162 Ohio St. 159, 122 N.E. 2d 12; *Painesville* v. *Lake County Budget Comm.* (1978), 56 Ohio St. 2d 282, 383 N.E. 2d 896; *Hafner & Sons* v. *Lindley* (1979), 58 Ohio St. 2d 130, 388 N.E. 2d 1240."

In *Lenart* this court reiterated the position taken in *Gochneaur* v. *Kosydar* (1976), 46 Ohio St. 2d 59, at pages 66-67, that "[w]e do not choose to retreat from the specificity requirements for notices of appeal enunciated by R. C. 5717.02 and the decisions of this court***." Thus, in an un-

broken line of cases this court has required taxpayers to specify their objections to the commissioner's rulings in accordance with R. C. 5717.02. The position of this court today is the same as it was in 1954, when we stated that "[t]his court has no disposition to be hypertechnical and to deny the right of appeal on captious grounds but it cannot ignore statutory language which demands that certain conditions be met to confer jurisdiction upon an appellate tribunal." *Queen City Valves* v. *Peck, supra,* at pages 583-584. Against this background we now assess appellant's claim that it complied with the specificity requirement imposed by R. C. 5717.02.

Appellant contends that its notice of appeal stating, "[w]e are in complete disagreement with the sales tax assessment for the following items inasmuch as we feel that they have, in the most part, been completed as requested," coupled with an itemized list of the transactions at issue, apprised the Board of Tax Appeals with sufficient specificity of the alleged errors in the commissioner's assessment. Appellant's counsel concedes that "the phrase used by the Taxpayer in this case, 'they have, in the most part, been completed as requested' [is]***not aptly phrased." Nevertheless, appellant would rely on *Abex Corp.* v. *Kosydar* (1973), 35 Ohio St. 2d 13, which considered whether a notice of appeal respecting a depreciation error met the specificity standard of R. C. 5717.02. In *Abex* the court found, at page 17, that "the notice of appeal clearly specifie[d] the actions and findings of the Tax Commissioner the appellant questions***." The alleged error regarding the depreciation rate in *Abex* was clearly stated in the notice of appeal. In the case at bar, however, the notice of appeal was vague as to the supposed error—the alleged misinformation given by appellee's agents upon which appellant's officers relied—even though the affected transactions were itemized with particularity.

The statute, of course, speaks to errors and not to items or transactions. "Under the wording of the statute the board was entitled to be advised specifically of the various errors charged to the Tax Commissioner. The statute requires in plain language that the errors complained of be specified." *Queen City Valves, supra,* at page 583.

"This court has often stated that statutory exemptions

from a tax must be strictly construed, and one claiming an exemption must affirmatively establish his right thereto." *American Handling Equipment Co.* v. *Kosydar* (1975), 42 Ohio St. 2d 150, 152; see also, *National Tube Co.* v. *Glander* (1952), 157 Ohio St. 407; *Goldman* v. *Robert E. Bentley Post No. 50* (1952), 158 Ohio St. 205; *Canton Malleable Iron Co.* v. *Porterfield* (1972), 30 Ohio St. 2d 163. We are constrained to hold, therefore, that the Board of Tax Appeals lacked jurisdiction to consider the merits of appellant's appeal with respect to the "predominant error" because appellant failed to specify the errors complained of in its notice of appeal as required by R. C. 5717.02.

*Appeal dismissed.*

CELEBREZZE, C. J., SWEENEY, LOCHER and KRUPANSKY, JJ., concur.

W. BROWN, HOLMES and C. BROWN, JJ., dissent.

HOLMES, J., dissenting. I must dissent in that it is my view that the appellant taxpayer has reasonably advised the Board of Tax Appeals of the claimed errors of the Tax Commissioner in substantial compliance with R. C. 5717.02. The specificity of the material set forth in the taxpayer's letter was not that of a trained legal counsel; however, such information set forth the specific sale transactions which were disallowed as being tax exempt, and assessed, by the commissioner due to the improper original filing of the certificates, or later submission of the letters of usage. The wording "they have, in the most part, been completed as requested" is concededly not artfully drawn; however, to hold that such wording would not reasonably apprise the Board of Tax Appeals that the taxpayer was claiming substantial compliance with necessary forms or other materials for exemption, is being hypertechnical, something that this court has stated previously—and even herein—it has no disposition to be.

W. BROWN and C. BROWN, JJ., concur in the foregoing dissenting opinion.