AKRON STANDARD DIVISION OF EAGLE-PICHER INDUSTRIES, INC., APPELLANT, *v.* LINDLEY, TAX COMMR., APPELLEE.

[Cite as Akron Standard Div. *v.* Lindley (1984), 11 Ohio St. 3d 10.]

(No. 83-1107—Decided May 2, 1984.)

*Messrs. Frost & Jacobs, Mr. Michael F. Haverkamp* and *Mr. Daniel V. Koppenhafer,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Mark A. Engel* and *Ms. Christine Mesirow,* for appellee.

LOCHER, J. The sole issue presented in this appeal is whether the verification requirement in R.C. 5739.13[1] for sales and use tax reassessment petitions is jurisdictional. We hold that it is not jurisdictional, and thus reverse the decision of the Board of Tax Appeals.

The board found this court's decision in *American Restaurant & Lunch Co.* v. *Glander* (1946), 147 Ohio St. 147 [34 O.O. 8], to be dispositive of the controversy herein. Paragraph one of the syllabus in *American Restaurant* reads:

"Where a statute confers the right of appeal, adherence to the condition thereby imposed is essential to the enjoyment of the right conferred."

The taxpayer in *American Restaurant* failed to include, as required by statute, the original assessment order of the commissioner in his notice of appeal to the board. The appeal was dismissed by the board for want of jurisdiction.

The commissioner argues in the case at bar that the failure of appellant to satisfy the verification requirement similarly necessitates dismissal. The commissioner and the board construe the holding in *American Restaurant* too broadly, however.[2] Not included in the syllabus of *American Restaurant* was the following statement in the opinion at page 150:

"This court has heretofore held * * * that *substantial compliance* with these mandatory requirements constitutes a condition precedent to the right to be heard, upon appeal, by the Board of Tax Appeals and that a failure to comply therewith warrants the dismissal thereof by the Board of Tax Appeals." (Emphasis added.)

The "substantial compliance" test was applied in the two cases cited by this court in *American Restaurant* as support for its decision: *Kinsman Square Drug Co.* v. *Evatt* (1945), 145 Ohio St. 52 [30 O.O 279]; and *Dayton Rental Co.* v. *Evatt* (1945), 145 Ohio St. 215 [30 O.O. 447]. We find this test to

---

[1] R.C. 5739.13 provides, in pertinent part:

"Unless the vendor or consumer, to whom said notice of assessment is directed, files within thirty days after service thereof, either personally or by registered or certified mail, a petition in writing, *verified under oath by said vendor, consumer, or his authorized agent,* having knowledge of the facts, setting forth with particularity the items of said assessment objected to, together with the reasons for such objections, said assessment shall become conclusive and the amount thereof shall be due and payable, from the vendor or consumer so assessed, to the treasurer of state * * *." (Emphasis added.)

[2] It should be noted that we are not bound by *stare decisis* since *American Restaurant* specifically applies to *appeals* only. However, finding no appreciable difference between appeals and reassessment petitions in this procedural context, we find the language in *American Restaurant* to be instructive.

be the proper method of determining whether a reassessment petition has met the jurisdictional threshold.

The lack of a verified signature in a reassessment petition does not prevent the attachment of jurisdiction by an otherwise satisfactory filing, since substantial compliance with the requirements of the statute has taken place. The verification requirement is to be distinguished from the requirement that a notice of appeal be filed within thirty days of assessment, and also from the requirement that the order of the commissioner be included in the notice of appeal. The latter two requirements are essential in that they run to the core of procedural efficiency. The thirty-day requirement is an appellate statute of limitations, while the inclusion requirement litigated in *American Restaurant* gives notice of the substance of the appeal. Failure to comply fully with either of these requirements properly leads to dismissal of the appeal, since substantial compliance has not occurred. *American Restaurant, supra,* paragraph two of the syllabus; *Lee Jewelry Co.* v. *Bowers* (1955), 162 Ohio St. 567, 568 [55 O.O. 444]; *Hafner & Sons* v. *Lindley* (1979), 58 Ohio St. 2d 130, 131 [12 O.O.3d 127]; *Leiphart Lincoln-Mercury, Inc.* v. *Bowers* (1958), 107 Ohio App. 259, 265-266 [8 O.O.2d 183]. The verification requirement serves no such essential purpose, however, and thus is not a jurisdictional prerequisite.

This case differs slightly from *Hunt* v. *Rohrbaugh, Inc.* (1960), 171 Ohio St. 92 [12 O.O.2d 122], where this court held that the verification requirement for pre-Civil Rule complaints was non-jurisdictional. A statute expressly permitted the filing of an amendment to correct the deficiency in *Hunt.* Here, there is no similar statute covering the reassessment petition. Implicit in the *Hunt* decision, however, was the finding that a verification omission should not be a jurisdictional bar.

Accordingly, the decision of the Board of Tax Appeals is reversed and the cause is remanded for a determination as to the merits of the petition.

*Decision reversed and
cause remanded.*

SWEENEY, HOLMES and C. BROWN, JJ., concur.

CELEBREZZE, C.J., W. BROWN and J. P. CELEBREZZE, JJ., dissent.

WILLIAM B. BROWN, J., dissenting. Because the majority of this court misconstrues the authority upon which it relies in reaching its result in this case I must respectfully dissent.

Appellant, Akron Standard, argues, and the majority accepts, that substantial compliance with the statutory requirements is all that is necessary in order to petition for reassessment. In this view, the holding of *American Restaurant & Lunch Co.* v. *Glander* (1946), 147 Ohio St. 147 [34 O.O. 8], was nothing more than a restatement of prior cases applying the

substantial compliance test. Indeed, the majority even quotes a paragraph from *American Restaurant* in support of this position.

Unfortunately, this argument misconstrues the syllabus of and analysis in *American Restaurant*. The passage upon which the majority sets such store is in no way an acceptance of the "substantial compliance" test. It is true that this court had previously held that substantial compliance with mandatory requirements was sufficient. However, in *American Restaurant*, requirements for notice of appeal, equally mandatory, were held to necessitate strict compliance. The statement quoted by the majority is expressly contradicted by the syllabus of *American Restaurant* which states:

"1. Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred.

"2. * * * Compliance with these specific and mandatory requirements governing the filing of such notice is essential to confer jurisdiction upon the Board of Tax Appeals."

The majority also discovers a finding that a verification omission should not be a jurisdictional bar implicit in this court's decision in *Hunt* v. *Rohrbaugh, Inc.* (1960), 171 Ohio St. 92 [12 O.O.2d 122]. It is quite apparent from the syllabus in *Hunt*, each paragraph of which was endorsed by a majority of this court, that the verification was regarded as an essential requirement. What saved the day for the appellant in *Hunt* was a provision in the statute under consideration therein which specifically provided that an amendment could be made to the petition. Thus, the verification was allowed to be added by amendment.

It is therefore clear that substantial compliance is not the proper test in Ohio when evaluating mandatory requirements as conditions precedent to the right to appeal to the Board of Tax Appeals. Rather, strict adherence is essential to enjoy the right conferred. *American Restaurant & Lunch Co.* v. *Glander, supra*. Additionally, a verification requirement is not mere surplusage; the absence of such verification calls into question the sufficiency of the petition. *Hunt* v. *Rohrbaugh, Inc., supra*.

With these rules in mind, it is evident R.C. 5739.13 requires a petition for review of an assessment to be "* * * verified under oath * * *." This requirement is conspicuous in the statute and is unambiguously phrased. Compliance is a simple, straightforward matter. Verification was lacking in the present case; the statutory requirements were therefore not satisfied. It should be noted that legal practice in Ohio is better served by standing fast to a simple, easily followed procedure than by opening the door to the twists, turns and uncertainties of such a standard as "substantial compliance."

Appellant also contends that the verification requirement has been repealed by implication. Appellant relies on the fact that Civ. R. 11 has abandoned the verification requirement in civil actions and that R.C. 5747.13 and 5733.11 have also omitted the verification requirement. In *Lucas County Commrs.* v. *Toledo* (1971), 28 Ohio St. 2d 214, 217 [57 O.O.2d 440], this court stated:

14

"As we have said many times, repeals by implication are not favored and will not be found unless the provisions of the purported repealing act are so totally inconsistent and irreconcilable with the existing enactment as to nullify it."

In the case at bar, the enactments cited by appellant are neither inconsistent nor irreconcilable with the provisions of R.C. 5739.13, as each involves a different complaint procedure, and are unrelated.

For the foregoing reasons I would affirm the decision of the Board of Tax Appeals.

CELEBREZZE, C.J., and J. P. CELEBREZZE, J., concur in the foregoing dissenting opinion.