HANSON MACHINERY COMPANY, APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Hanson Machinery Co. *v.* Limbach (1986), 22 Ohio St. 3d 209.]

(No. 85-1012—Decided March 12, 1986.)

*Tomb & Hering* and *James S. Nordholt, Jr.,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard C. Farrin,* for appellee.

*Per Curiam.* The issues presented in this appeal are: (1) whether the September 25, 1985 amendment of R.C. 5717.02 applies to the case at bar, and (2) if it does not apply, whether the failure to include the certificate of determination in a notice of appeal to the BTA is a jurisdictional defect in pre-amendment cases. We hold that the amendment does not apply to the case herein, and that the requirement was jurisdictional. Accordingly, we affirm the decision of the BTA.

R.C. 5717.02[1] sets forth the requirements for a notice of appeal to the BTA. One of the specific requirements is the attachment of a true copy of the final determination of the Tax Commissioner. This requirement has long been held to be jurisdictional, the failure of which to satisfy necessitates dismissal. *Kinsman Square Drug Co.* v. *Evatt* (1945), 145 Ohio St. 52 [30 O.O. 279]; *American Restaurant & Lunch Co.* v. *Glander* (1946), 147 Ohio St. 147 [34 O.O. 8]; *Hafner & Sons* v. *Lindley* (1979), 58 Ohio St. 2d 130, 131 [12 O.O.3d 127].

Appellant argues that our recent decisions in *Akron Standard Div.* v. *Lindley* (1984), 11 Ohio St. 3d 10, and *Mullins* v. *Whiteway Mfg. Co.* (1984), 15 Ohio St. 3d 18, have abrogated this long-standing precedent. In these cases certain appeal notice requirements were found non-jurisdictional, based on an analysis of the purpose of the requirement and whether substantial compliance with the statute had occurred. In *Akron Standard, supra,* we dealt with the verification requirement in R.C. 5739.13 sales and use tax reassessments, and stated at 12:

"* * * *The verification requirement is to be distinguished from* the requirement that a notice of appeal be filed within thirty days of assessment, and also from the requirement that the order of the commissioner be in-

---

[1] R.C. 5717.02 reads, in pertinent part, as follows:

"Such appeals shall be taken by the filing of a notice of appeal with the board, and with the tax commissioner if his action is the subject of the appeal or with the director of development if his action is the subject of the appeal, within thirty days after notice of the tax assessment, reassessment, valuation, determination, finding, computation, or order by the commissioner or redetermination by the director has been given or otherwise evidenced as required by law. The notice of such appeal may be filed in person or by certified mail. If the notice of such appeal is filed by certified mail, the date of the United States postmark placed on the sender's receipt by the postal employee to whom the notice of appeal is presented shall be treated as the date of filing. The notice of appeal shall have attached thereto and incorporated therein by reference a true copy of the notice sent by the commissioner or director to the taxpayer or enterprise of the final determination *or redetermination* complained of, and shall also specify the errors therein complained of, *but failure to attach a copy of such notice and incorporate it by reference in the notice of appeal does not invalidate the appeal.*" (Amendment of September 25, 1985, emphasized.)

cluded in the notice of appeal. The latter two requirements are essential in that they run to the core of procedural efficiency. * * * *Failure to comply fully with either of these requirements properly leads to dismissal of the appeal, since substantial compliance has not occurred. * * *"* (Emphasis added.)

Thus, no abrogation has occurred with respect to our treatment of the inclusion requirement.

Appellant next argues that the recent amendment of R.C. 5717.02 applies to this case. Effective September 25, 1985, the following language was added to the requirement that a copy of the certificate of determination be included in the notice of appeal:

"* * * [B]ut failure to attach a copy of such notice and incorporate it by reference in the notice of appeal does not invalidate the appeal."

By virtue of this amendment, the legislature has expressly overruled the aforementioned authority which held the requirement to be jurisdictional. Appellant contends that the amendment is procedural in nature, rather than substantive, and therefore is to be applied retrospectively.

We decline, however, to apply the amendment to this case. Whether the amendment is procedural or substantive is immaterial, since the case was decided by the BTA prior to the effective date of the amendment. Procedural laws are only applied retrospectively to cases which have not come to trial prior to the effective date of the new law. See, *e.g., Wilfong* v. *Batdorf* (1983), 6 Ohio St. 3d 100; *Denicola* v. *Providence Hospital* (1979), 57 Ohio St. 2d 115 [11 O.O.3d 290]. Cases which have come to trial prior to the law's effective date do not qualify for retrospective application. In a tax case, the "trial" equivalent is the appeal to the BTA, since this is where the initial adjudication of the merits will occur.

Accordingly, since pre-amendment law applies, we affirm the decision of the Board of Tax Appeals.

*Decision affirmed.*

CELEBREZZE, C.J., LOCHER, HOLMES, C. BROWN and DOUGLAS, JJ., concur.

SWEENEY and WRIGHT, JJ., dissent.