CNG DEVELOPMENT COMPANY, APPELLEE AND CROSS-APPELLANT,
*v.* LIMBACH, TAX COMMR., APPELLANT AND CROSS-APPELLEE.

[Cite as *CNG Dev. Co. v. Limbach* (1992), 63 Ohio St.3d 28.]

(No. 91–211—Submitted November 13, 1991—Decided February 19, 1992.)

---

*Jones, Day, Reavis & Pogue* and *John C. Duffy, Jr.*, for appellee and cross-appellant.

*Lee I. Fisher*, Attorney General, and *Barton A. Hubbard*, for appellant and cross-appellee.

---

*Per Curiam.* First, on the commissioner's appeal, the commissioner argues that the BTA's analysis of the permissive tax procedures is incorrect and, alternatively, that CNG did not overcome its burden to establish the extent of her error by showing where the sales occurred. We disagree with the commissioner that the BTA misanalyzed the permissive tax procedures, but agree that CNG did not establish the extent of the commissioner's error.

Under R.C. Chapters 5739 and 5741, counties and other taxing authorities may impose permissive sales and use taxes. R.C. 5739.01 states that "[a]ll sales are presumed to occur at the vendor's place of business * * *." In *Thomas Steel Strip Corp. v. Limbach* (1991), 61 Ohio St.3d 340, 575 N.E.2d 114, we held that this presumption was rebuttable.

Under *Arga Co. v. Limbach* (1988), 36 Ohio St.3d 220, 222, 522 N.E.2d 1074, 1077, a sale occurs, and a tax may be imposed, where the transfer of title to or possession of tangible personal property occurs. Normally this happens when the seller completes performance of the contract by physically delivering the goods, but performance could occur in other fashions. Under R.C. 5739.01, all sales are presumed to occur at the vendor's location, but the taxpayer may rebut this presumption by establishing that the transfer of title to or possession of the item occurred elsewhere.

Here, the BTA reversed assessments in which delivery occurred in a county other than that in which the vendor was located. But the record lacks any evidence from which such a determination could be made. The evidence on where possession transferred or who delivered the items was speculative. A products manager for CNG, who testified about this, did not have personal knowledge concerning exactly who delivered any of the items or where transfer of possession occurred; he knew only that CNG "usually" required the vendor to deliver the items to the well site. The record does not contain a list of the wells or their locations. Moreover, some of the tanks, tank platforms, and stairs were first delivered to an off-site location and then delivered to well sites. This evidence falls short of proving the extent of the

claimed error, and the BTA should have affirmed the commissioner's order. *Inland Refuse Transfer Co. v. Limbach* (1990), 53 Ohio St.3d 10, 12, 558 N.E.2d 42, 44.

Next, the commissioner argues, in her fourth proposition of law, that the BTA and this court do not have jurisdiction to consider objections not set forth in the petition for reassessment. CNG, in its second proposition of law, responds that the BTA has jurisdiction to consider any error contained in the commissioner's final order if the error is specified in the notice of appeal filed with the BTA. The issue that CNG cross-appeals, *i.e.*, whether it used the items directly in the rendition of a public utility system, was raised in its notice of appeal to the BTA but not in its petition for reassessment.

This issue is one of first impression for this court, and we again agree with the commissioner. R.C. 5739.13, which provides for review of assessments, states in part:

"Unless the vendor or consumer, to whom the notice of assessment is directed, files within thirty days after service thereof, either personally or by certified mail a petition in writing, verified under oath by the vendor, consumer, or his authorized agent, having knowledge of the facts, *setting forth with particularity the items of the assessment objected to, together with the reasons for such objections*, the assessment shall become conclusive and the amount of the assessment shall be due and payable, from the vendor or consumer so assessed, to the treasurer of state. * * * " (Emphasis added.)

In *Akron Standard Div. v. Lindley* (1984), 11 Ohio St.3d 10, 11 OBR 9, 462 N.E.2d 419, syllabus, this court held that "[t]he verification requirement in R.C. 5739.13 for sales and use tax reassessment petitions is non-jurisdictional." This court applied a substantial compliance test to statutory requirements for reassessment petitions and determined that substantial compliance with the statute had occurred there, despite the lack of the verified signature. The *Akron Standard* court reasoned that requirements that run to the core of procedural efficiency are jurisdictional. According to the decision, these include the requirement to file a notice of appeal to the BTA within thirty days of the commissioner's final determination, which imposes a statute of limitations on the appeal, and the requirement to attach the commissioner's order to the notice of appeal,[1] which discloses the substance of the appeal. The verification requirement for reassessment petitions, on the other hand, serves no such essential purpose and is not jurisdictional. Thus, we must

---

1. However, this latter requirement, found in R.C. 5717.02, was expressly made non-jurisdictional by subsequent legislative amendment effective September 25, 1985. 141 Ohio Laws, Part I, 326, 327; *Hanson Machinery Co. v. Limbach* (1986), 22 Ohio St.3d 209, 22 OBR 360, 490 N.E.2d 582.

today decide whether stating objections with particularity in a reassessment petition runs to the core of procedural efficiency. If it does, failure to comply is a jurisdictional defect.

In *Gochneaur v. Kosydar* (1976), 46 Ohio St.2d 59, 65–67, 75 O.O.2d 142, 146–147, 346 N.E.2d 320, 324–325, this court affirmed the BTA's refusal, for lack of jurisdiction, to address an error not raised in the notice of appeal filed with the BTA. The BTA's lack of jurisdiction results in an appellate court's lack of jurisdiction. *Osborne Bros. Welding Supply, Inc. v. Limbach* (1988), 40 Ohio St.3d 175, 178, 532 N.E.2d 739, 742. Furthermore, we have dismissed notices of appeal from the BTA to this court that did not set forth with specificity the errors claimed. *Deerhake v. Limbach* (1989), 47 Ohio St.3d 44, 546 N.E.2d 1327. Thus, we have concluded, in contexts involving appeals, that stating error with specificity is a jurisdictional prerequisite, and that the reviewing body is " * * * entitled to be advised specifically of the various errors charged * * *." *Queen City Valves, Inc. v. Peck* (1954), 161 Ohio St. 579, 583, 53 O.O. 430, 432, 120 N.E.2d 310, 312. As we noted in *Akron Standard Div., supra,* we see no appreciable difference between notices of appeal and petitions for reassessment in this procedural context. *Id.,* 11 Ohio St.3d at 11, 11 OBR at 10, 462 N.E.2d at 420, fn. 2.

Under *Akron Standard Div.,* this specificity requirement runs to the core of procedural efficiency because compliance with it advises the commissioner of the scope of the requested review. Consequently, a taxpayer has not substantially complied with the statute, so as to invoke the right to review of a particular error, if he has not set forth that error with specificity in the petition for reassessment. Accordingly, the commissioner, the BTA, and this court have no jurisdiction over issues not mentioned in CNG's petition for reassessment.

Moreover, we reject CNG's argument under R.C. 5717.02, the statute governing appeals to the BTA, that the BTA may consider all errors listed in its notice of appeal from the commissioner's final order, and that therefore the earlier omission of any claimed errors from the reassessment petition is irrelevant. This argument overlooks the commissioner's lack of jurisdiction over any claim of error not specified in the reassessment petition. Indeed, an appellant may appeal errors in the commissioner's final order. R.C. 5717.02. However, since the commissioner does not have jurisdiction over an error not specified in the petition, the final order should not, and in this case did not, mention the unclaimed error. Since the final order does not contain any disposition of that alleged error, CNG does not possess any basis on which to appeal regarding that error.

However, the commissioner has not pressed this issue in the past; this is the first time we have addressed it. We expect that unwary taxpayers may have relied on the commissioner's failure to raise this question before now. We do not desire to harm unsuspecting taxpayers who have so relied. Accordingly, under our broad authority to limit the application of our decisions, *OAMCO v. Lindley* (1987), 29 Ohio St.3d 1, 29 OBR 122, 503 N.E.2d 1388, syllabus, we declare that this decision shall operate prospectively only.

Accordingly, we reverse the BTA's decision to the extent that it reversed the commissioner's assessment of permissive sales and use taxes, because the BTA acted unreasonably. We vacate that portion of the decision addressing issues not raised by CNG in its petition for reassessment, because the BTA did not have jurisdiction to consider those issues.

*Decision vacated in part*
*and reversed in part.*

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.