OPINION
Appellants, Mercantile Stores Company, Inc. and Mercantile Stores Co., Inc. (NY) (collectively, "Mercantile") appeal the decision of the Ohio Board of Tax Appeals (the "Board") to dismiss Mercantile's appeal for failure to timely file a notice of appeal with appellee, the Tax Commissioner of Ohio, Roger W. Tracy (the "Commissioner"). We affirm the decision of the Board.
On February 7, 1997, the Commissioner issued a final determination adverse to Mercantile. Mercantile received the final determination on February 12, 1997. On March 5, 1997, Mercantile attempted to comply with R.C. 5717.02 by filing notices of appeal via certified mail with the Commissioner and the Board. The statute requires the notices of appeal to be filed within thirty days of receipt of a final determination. R.C. 5717.02. The notice to the Commissioner was addressed as follows:
 Roger W. Tracy Tax Commissioner of Ohio State Office Tower 24th Floor 30 East Broad Street Columbus, Ohio 43215
However, the Commissioner is located on the twenty-second floor of the State Office Tower and the twenty-fourth floor is the correct address of the Board.
On March 7, 1997, a clerk of the Board signed the certified mail receipt for the notice of appeal intended for the Commissioner. On April 28, 1997, the Commissioner filed a motion to dismiss the appeal for failure to comply with R.C. 5717.02. On August 22, 1997, the board granted the motion to dismiss. On September 16, 1997, Mercantile filed a motion for reconsideration. On September 17, 1997, the Board vacated its order of August 22, 1997. Also on September 17, 1997, the Board returned the notice of appeal that was erroneously mailed to them by Mercantile.
On September 24, 1997, Mercantile mailed another notice of appeal to the Commissioner at the proper address. On October 23, 1997, the Commissioner filed a second motion to dismiss. The motion was granted by the Board on March 27, 1998. Mercantile filed a timely notice of appeal to this court on April 24, 1998 and presents one assignment of error for our review:
 THE OHIO BOARD OF TAX APPEALS ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS.
The procedural rules relating to filing a notice of appeal of a final determination of the Commissioner are codified within R.C. 5717.02:
 Such appeals shall be taken by the filing of a notice of appeal with the board, and with the tax commissioner if his action is the subject of the appeal or with the director of development if his action is the subject of the appeal, within thirty days after notice of the tax assessment, reassessment, valuation, determination, finding, computation, or order by the commissioner or redetermination by the director has been given or otherwise evidenced as required by law. The notice of such appeal may be filed in person or by certified mail. If the notice of such appeal is filed by certified mail, the date of the United States postmark placed on the sender's receipt by the postal employee to whom the notice of appeal is perfected shall be treated as the date of filing.
Appellant argues that the notice of appeal was filed on March 5, 1997 when the United States postmark was "placed on the sender's receipt by the postal employee." See id. By contrast, the Commissioner's position is that in order to comply with R.C.5717.02 the notice of appeal must be sent to the correct address.
We agree with Mercantile that one logical purpose of using the date of the United States postmark as the date of filing is that a litigant should not be punished for a problem in delivering the mail. However, in order to receive the benefit of R.C. 5717.02, it is incumbent upon the sender to provide the correct address. Otherwise, a party could send a letter to the Commissioner at the wrong address and fix the mistake months later because the original date of the United States postmark was within the thirty-day filing deadline for a notice of a tax appeal.
Moreover, unlike other requirements for an appeal, the filing of a timely notice of appeal with the Commissioner is a jurisdictional prerequisite to an appeal before the Board and substantial compliance with R.C. 5717.02 is insufficient. In Akron Standard Div. v. Lindley (1984), 11 Ohio St.3d 10, 12, the Supreme Court of Ohio held that "[t]he lack of a verified signature in a reassessment petition does not prevent the attachment of jurisdiction by an otherwise satisfactory filing, since substantial compliance with the requirements of the statute has taken place." Id. However, the Court noted that "[t]he verification requirement is to be distinguished from the requirement that the notice of appeal is filed within thirty days of assessment * * *. The thirty-day requirement is an appellate statute of limitations." Id. In short, the Supreme Court of Ohio has never applied substantial compliance as the standard for the thirty-day requirement for filing a notice of appeal. See Hanson Machinery Co. v. Limbach (1986), 22 Ohio St.3d 209, 210-11.
Mercantile is responsible for failing to address the certified letter accurately and missing the thirty-day deadline for filing a notice of appeal with the Commissioner. This mistake is fatal to Mercantile's appeal and warranted dismissal by the Board. Accordingly, Mercantile's assignment of error is overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.