**[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 152.]**

INTERNATIONAL BUSINESS MACHINES CORPORATION, APPELLANT, *v*. ZAINO,
TAX COMMR., APPELLEE.

[Cite as *Internatl. Business Machines Corp. v. Zaino*, 2002-Ohio-349.]

*Taxation—Franchise tax—Petition for reassessment—Taxpayer seeking refund of
an overpayment of franchise tax must file an application for refund—R.C.
5733.11, construed and applied.*

(No. 00-1700—Submitted September 19, 2001—Decided January 30, 2002.)

APPEAL from the Board of Tax Appeals, No. 99-K-616.

———————————

SYLLABUS OF THE COURT

When the tax commissioner has made an assessment under R.C. 5733.11, the
amount that may be contested and refunded under that statute is limited to
the amount paid on the deficiency assessment.

———————————

PFEIFER, J.

{¶ 1} The question presented by this case is whether a taxpayer seeking a
refund of an overpayment of franchise tax may seek that refund through a
reassessment petition or whether the taxpayer must file an application for refund.
We find that the law requires the filing of an application for refund.

Factual and Procedural Background

{¶ 2} This appeal involves the 1993 Ohio franchise tax report of appellant,
International Business Machines Corporation ("IBM"). On September 25, 1996,
the commissioner and IBM entered into an agreement to extend the three-year
deadline for the commissioner to assess, or the taxpayer to seek a refund of, the
franchise tax for 1993 until April 15, 1997. On February 19, 1997, after an audit
of IBM's 1993 Ohio franchise tax return, the commissioner issued an increased

assessment. On March 11, 1997, IBM filed a petition for reassessment, asserting that the increase in the franchise tax base resulting from the commissioner's audit "should be offset" by changes in certain deferred tax asset accounts. After an October 7, 1998 hearing before the commissioner on the reassessment, IBM's counsel sent a letter dated October 15, 1998, in which he stated, "The assessment for 1993 should be vacated and a refund for the remaining amount [*i.e.*, the amount already paid for that year] plus applicable interest, should be made." IBM never, however, filed a refund claim for the 1993 tax year.

{¶ 3} In his final determination the commissioner accepted IBM's treatment of the deferred tax accounts in accordance with a decision of the Board of Tax Appeals ("BTA") in *USX Corp. v. Tracy* (Jan. 22, 1999), BTA Nos. 92-H-1479 and 92-H-1480, unreported. The commissioner cancelled the assessment in its entirety but did not grant the refund requested by IBM.

{¶ 4} IBM appealed to the BTA, where the commissioner's final determination was affirmed.

{¶ 5} This cause is now before this court upon an appeal as of right.

Law and Analysis

{¶ 6} R.C. 5733.11 provides:

"(A) If any corporation required to file a report under this chapter * * * fails to remit the full amount of the tax due for the period covered by the report, the tax commissioner may make an *assessment* against the corporation for any deficiency * * *.

"(B) Unless the corporation to which the notice of assessment is directed files with the commissioner within sixty days after service * * *, *a petition for reassessment* in writing, * * * and makes payment of the portion of the *assessment* required by division (E) of this section, the *assessment* shall become final, and the amount of the *assessment* shall be due and payable from the corporation assessed * * *.

"* * *

"(F) * * * If upon final determination of the petition *an error in the assessment* is corrected by the commissioner, upon petition so filed or pursuant to a decision of the board of tax appeals or any court to which the determination or decision has been appealed, so that the amount due from the corporation under the *corrected assessment* is less than the *portion paid*, there shall be issued to the corporation, its assigns, or legal representative a *refund in the amount of the overpayment* as provided by section 5733.12 of the Revised Code * * *." (Emphasis added.)

{¶ 7} A deficiency assessment may be made under R.C. 5733.11 when the taxpayer remits an amount with its return that is less than the amount due in the judgment of the commissioner.  Under the procedure set forth in R.C. 5733.11, the commissioner makes the deficiency "assessment" and gives notice to the taxpayer. R.C. 5733.11(A).  The taxpayer may contest the deficiency "assessment" by filing a "petition for reassessment." R.C. 5733.11(B).  However, as a prerequisite to filing a petition for reassessment, the taxpayer may be required to pay all, some, or none of the deficiency assessment. R.C. 5733.11(E).

{¶ 8} If the corporation pays all or some of the deficiency assessment upon filing for the reassessment, and the commissioner, the BTA, or a court determines that "the amount due from the corporation under the corrected assessment is less than the portion paid," a refund of the overpayment amount shall be issued.  R.C. 5733.11(F).

{¶ 9} Since the portion of the assessment required to be paid as a prerequisite to filing a petition for reassessment can range from full payment to no payment, the amount that is subject to refund is tied to the amount "paid." Therefore, any refund under R.C. 5733.11 cannot exceed the "portion paid."  There is no language in R.C. 5733.11 that grants the commissioner authority to refund any amount greater than that paid toward the deficiency assessment with the

petition for reassessment. Therefore, when the commissioner has made an assessment under R.C. 5733.11, the amount that may be contested and refunded under that statute is limited to the amount paid on the deficiency assessment. No refund of the money paid with the filing of the franchise tax returns is available under R.C. 5733.11.

{¶ 10} IBM contends that two separate clauses in R.C. 5733.11 indicate otherwise. First, IBM cites the language that states, "The petition shall indicate the corporation's objections, but additional objections may be raised in writing if received prior to the date shown on the final determination by the commissioner." R.C. 5733.11(B). IBM contends that since it mentioned "refund" in its letter of October 15, 1998, it somehow turned the petition for reassessment into an application for refund. However, the only issue in an R.C. 5733.11 petition is the deficiency assessment. The "additional objections" the statute allows refer only to supplemental attacks against the deficiency assessment; they cannot be used to create a separate claim for refund in excess of the assessment.

{¶ 11} IBM also cites the phrase from R.C. 5733.11(B) that the "commissioner may make such correction to the assessment as the commissioner finds proper." By its own terms this phrase limits the commissioner's correction to "the assessment." The commissioner's assessment concerns only the deficiency assessment, not amounts paid with the return.

{¶ 12} If IBM wanted a refund on the amounts paid with its return it should have filed for a refund under R.C. 5733.12(B). In contrast to R.C. 5733.11, which is limited to assessments, R.C. 5733.12(B) provides for refunds of both amounts paid with the return and on an assessment:

"(B) [A]n application to refund to the corporation the amount of taxes * * * overpaid, paid illegally or erroneously, or paid on any illegal, erroneous, or excessive assessment, * * * shall be filed with the tax commissioner, on the form

4

prescribed by the commissioner, within three years from the date of the illegal, erroneous, or excessive payment of the tax * * *.

"On the filing of the refund application, the commissioner shall determine the amount of refund due * * *."

{¶ 13} In *Lancaster Colony Corp. v. Lindley* (1980), 61 Ohio St.2d 268, 271, 15 O.O.3d 270, 272, 400 N.E.2d 905, 907, this court stated that "R.C. 5733.12 specifically makes reference to refunds sought due to illegal or erroneous payments, as well as to refunds on illegal or erroneous assessments. The statutes make a clear distinction as to assessments." Thus, under R.C. 5733.12(B), procedures are set forth for a corporation to seek a refund of taxes either (1) "overpaid," (2) "paid illegally or erroneously," or (3) "paid on any illegal, erroneous, or excessive assessment."

{¶ 14} Items (1) and (2) above relate to a refund of those amounts paid with the return. On the other hand, item (3) relates to a refund of taxes paid under an assessment. To be eligible for a refund of either type requires the filing of an "application to refund." No application for refund was ever filed in this case.

{¶ 15} IBM's failure to file an application for refund under R.C. 5733.12(B) was a failure to substantially comply with a specific requirement. In *Am. Restaurant & Lunch Co. v. Glander* (1946), 147 Ohio St. 147, 34 O.O. 8, 70 N.E.2d 93, in paragraph one of the syllabus, this court held that "[w]here a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred." In *Akron Std. Div. of Eagle-Picher Industries, Inc. v. Lindley* (1984), 11 Ohio St.3d 10, 12, 11 OBR 9, 10, 462 N.E.2d 419, 420, we held that if a statutory requirement runs to the core of procedural efficiency, substantial compliance must occur or the appeal is to be dismissed. Here, R.C. 5733.12(B) requires a refund application to be filed "with the tax commissioner, on the form prescribed by the commissioner." Those requirements go to the core of

procedural efficiency and, because IBM did not substantially comply, the Tax Commissioner had no jurisdiction to consider the refund sought.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Bricker & Eckler, L.L.P*., and *Mark A. Engel*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Richard C. Farrin*, Assistant Attorney General, for appellee.

_____