BUCKEYE CANDY & TOBACCO CO., INC., APPELLANT, *v.* LIMBACH,
TAX COMMR., APPELLEE.

[Cite as Buckeye Candy & Tobacco Co. *v.* Limbach (1986),
28 Ohio St. 3d 40.]

(No. 86-631—Decided December 19, 1986.)

*Theodore G. Fisher,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard C. Ferrin,* for appellee.

*Per Curiam.* The issues presented in this appeal are: (1) whether the September 25, 1985 amendment of R.C. 5717.02 applies to the case at bar, and (2) if it does not apply, whether the failure to include the certificate of determination in a notice of appeal to the Board of Tax Appeals is a jurisdictional defect in pre-amendment cases. For the reasons which follow, we find that the September 25, 1985 amendment does not apply to the case at bar, and that failure to include the copy of the Tax Commissioner's final determination was a defect which deprived the Board of Tax Appeals of jurisdiction.

At the time appellant filed his notice of appeal, and for over nine months thereafter, R.C. 5717.02 provided in part:

"* * * The notice of appeal shall have attached thereto and incorporated therein by reference a true copy of the notice sent by the commissioner or director to the taxpayer or enterprise of the final determination complained of, and shall also specify the errors therein complained of."

An amendment of this section, effective September 25, 1985, added:

"but failure to attach a copy of such notice and incorporate it by reference in the notice of appeal does not invalidate the appeal."

The pre-amendment requirement of R.C. 5717.02 of attaching the commissioner's finding to notices of appeal has long been held to be jurisdictional, the failure to satisfy which necessitates dismissal. *Hanson Machinery Co.* v. *Limbach* (1986), 22 Ohio St. 3d 209, 210, citing *Kinsman Square Drug Co.* v. *Evatt* (1945), 145 Ohio St. 52 [30 O.O. 279]; *American Restaurant & Lunch Co.* v. *Glander* (1946), 147 Ohio St. 147 [34 O.O. 8]; and *Hafner & Sons* v. *Lindley* (1979), 58 Ohio St. 2d 130, 131 [12 O.O.3d 127]. See, also, *Wills Trucking, Inc.* v. *Limbach* (1986), 24 Ohio St. 3d 166.

The facts in *Wills* and *Hanson* are slightly different from the case *sub judice* in that those cases both involved appeals which were dismissed prior to the effective date of the amendment and, here, while the notice of appeal and the motion to dismiss were filed prior to the effective date of the amendment, the motion to dismiss was heard and granted after the effective date of the amendment. However, this factual difference is insufficient to distinguish the ruling in *Wills* because it holds that the defective filing is determinative of the jurisdictional issue. The *Wills* court stated: "It is essentially admitted that appellant failed to file the required notice, and that the failure to file occurred prior to the September 25, 1985 amendment to the above statute. The jurisdictional question is therefore foreclosed under authority of our recent case, *Hanson Machinery Co.* v. *Limbach* (1986), 22 Ohio St. 3d 209, which decided the very issue presented in this case." Under this pronouncement, any taxpayers who file their notices of appeal before September 25, 1985, and who also fail to comply with the jurisdictional requirements of pre-amendment R.C. 5717.02, may properly have their appeals dismissed for lack of jurisdiction.

It is true that a procedural law is generally considered to be applied prospectively when it is applied to proceedings in which the particular procedural aspect regulated by the law has not yet occurred. *Denicola* v. *Providence Hospital* (1979), 57 Ohio St. 2d 115, 118 [11 O.O.3d 290](statute defining those competent to give expert medical testimony was held to be "properly applied prospectively" to cause of action which had accrued and been filed before, but tried after, the effective date of the statute). See, also, *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70 [45 O.O.2d 370]. It is also true that the amendment which changed the attachment requirement from a jurisdictional one to a procedural one was effective at the time of the hearing on the motion to dismiss. However, where failure to comply with the pre-amendment requirement has long been recognized as requiring the Board of Tax Appeals, upon motion, to dismiss the case, the board's delay in hearing appellee's motion to dismiss until after the change in the law cannot resurrect a claim which has already been extinguished by operation of the former statute. See *Cox* v. *Dept. of Transportation* (1981), 67 Ohio St. 2d 501 [21 O.O.3d 313], where we held that the applicable rule is the following: " 'Where the time for commencing an action has expired due to

the running of the statute of limitations, an amendment lengthening the statute of limitations, which is effective after the period of limitations has run, does not revive the cause of action * * *.' " *Id.* at 505. The same holds true in the case *sub judice*—at the time when appellant failed to file a sufficient notice of appeal to the Board of Tax Appeals, appellant failed to acquire jurisdiction of the board. Amendment of the statute one year and nine months after the faulty filing does not and cannot recreate jurisdiction already lost.

In summary, we hold that the September 25, 1985 amendment does not apply to a December 1983 notice of appeal, even though the motion to dismiss was not heard until March 1986. Given that ruling, we must also hold that a "substantial compliance" analysis is inapplicable since, under pre-amendment law, attachment of the Tax Commissioner's final determination was essential. *Hanson, supra,* at 210-211.

Accordingly, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and DOUGLAS, JJ., concur.

WRIGHT, J., dissents.