[Cite as *State v. Gloff*, 2020-Ohio-3143.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-06-047 |
| | : | O P I N I O N |
| - vs - | | 6/1/2020 |
| | : | |
| MICHAEL W. GLOFF, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2018 CR 000870


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for appellant


**RINGLAND, J.**

{¶1} Appellant, Michael Gloff, appeals from his conviction for assault in the Clermont County Court of Common Pleas. For the reasons detailed below, we reverse and remand this matter.

{¶2} Gloff was indicted for assault of a peace officer in violation of R.C. 2903.13(A) and felonious assault in violation of R.C. 2903.11(A)(1) following a September 9, 2018

incident at the Clermont County Jail. Gloff pled not guilty and the matter proceeded to a jury trial.

{¶3} Gloff's trial commenced on March 26, 2019 and ended March 29, 2019. This timeline is important because of a change in the law that took effect during trial. On March 28, 2019, 2017 Am. Sub. H.B. No. 228 became effective, which altered the burden of proof for self-defense. Prior to March 28, 2019, "[t]he burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused." Former R.C. 2901.05(A). However, on March 28, 2019, the burden realigned for an accused asserting self-defense:

> (B)(1) A person is allowed to act in self-defense, defense of another, or defense of that person's residence. *If, at the trial of a person who is accused of an offense that involved the person's use of force against another, there is evidence presented that tends to support that the accused person used the force in self-defense, defense of another, or defense of that person's residence, the prosecution must prove beyond a reasonable doubt that the accused person did not use the force in self-defense*, defense of another, or defense of that person's residence, as the case may be.

R.C. 2901.05 (Effective March 28, 2019) (Emphasis added). In other words, the state must prove that the accused person did not use force in self-defense beyond a reasonable doubt if there is evidence that the accused used force in self-defense.

{¶4} Prior to trial, Gloff filed a "Request for Specific Jury Instruction." In that pleading, Gloff requested a self-defense jury instruction consistent with the changes to R.C. 2901.05 relating to the burden of proof in a criminal matter. The trial court denied Gloff's instruction, concluding that the amendment only had prospective application for offenses committed after the effective date of the amendments.

{¶5} During trial, the state presented evidence that Gloff was an inmate at the Clermont County Jail on September 9, 2018. On that date, there was a disturbance

between a corrections officer and another inmate that resulted in a Code 1 where all corrections officers not performing essential functions were ordered to respond to the cell block. Officer Shaun Thompson responded to the Code 1 and entered the cell block where Gloff was housed.

{¶6} By the time Officer Thompson responded, the disturbance had largely been contained. The inmate who caused the initial disturbance was removed from his cell and placed in handcuffs.

{¶7} Officer Thompson remained in the cell block for a short period of time due to unruly behavior by some of the inmates. At that point, Gloff directed derogatory comments at Officer Thompson about "getting fat" and began exhibiting loud and unruly behavior. Officer Thompson then went to Gloff's cell and called for Gloff's cell door to be opened. The next events were disputed at trial.

{¶8} Officer Thompson testified that he tried to talk to Gloff about his behavior, but Gloff refused to listen and laughed hysterically. Initially, Officer Thompson explained that Gloff was seated on his bunk, but later stood up. Officer Thompson instructed Gloff to sit back down, but Gloff then charged him, punched him, and knocked him to the floor. Officer Thompson and Gloff then wrestled while another Code was called to assist Officer Thompson. Eventually, Gloff was brought under control and removed from his cell. As Gloff was being removed, he stated "I got Officer Thompson good" and "I have been waiting to get Officer Thompson."

{¶9} Gloff had a different version of the incident and testified on his own behalf. Gloff admitted to taunting Officer Thompson by telling him "look at you out of breath" and "you're getting fat." Gloff describes the scene as one involving mockery and general unruliness in the unit. However, Gloff then alleged that he was singled out by Officer Thompson. According to Gloff, Officer Thompson came up the steps to his cell and told

Gloff "I got something for you." Officer Thompson then directed another officer to open Gloff's cell door. While Officer Thompson was in Gloff's cell, Gloff claims he was sitting on his bunk with his hands behind his back "trying to talk [Officer Thompson] down." Gloff then claimed that Officer Thompson began pushing and poking him, which later escalated to Officer Thompson smacking him. Gloff testified that he was scared of Officer Thompson and hit him out of worry that Officer Thompson was "going to continue to hit me, hold me down, get on top of me because at that point in time, as I said * * * I had my hands behind my back."

{¶10} Gloff also presented the testimony of another inmate, Davis Evans, who testified that Officer Thompson had been the aggressor in this altercation. According to Evans, when Officer Thompson entered Gloff's cell, Gloff was seated on the bed with both of his hands interlocked. From there, Evans testified that he observed Officer Thompson pushing Gloff on his chest "for about a minute." Evans then stated that he observed Officer Thompson escalate the incident when he pushed Gloff's face "and then open hand smacked" Gloff with "some pretty good force." This led, according to Evans, to the altercation between Officer Thomspon and Gloff.

{¶11} The jury deliberated and found Gloff guilty of assault on a corrections officer but not guilty of felonious assault. The trial court sentenced Gloff to a prison term of 12 months. Gloff now appeals, raising two assignments of error for review.

{¶12} Assignment of Error No. 1:

{¶13} THE TRIAL COURT ERRED IN CONCLUDING THAT PROSEPCTIVE [sic] APPLICATION OF R.C. 2901.05 (EFF. 03/28/19) DID NOT APPLY TO APPELLANT'S CASE.

{¶14} Assignment of Error No. 2:

{¶15} THE TRIAL COURT ERRED IN CONCLUDING THAT R.C. 2901.05(B)(1)

WAS NOT EXPRESSLY RETROACTIVE TO INCLUDE OFFENSES OCCURRING BEFORE MARCH 28, 2019.

{¶16} Gloff's two assignments of error are interrelated and will be addressed together. Gloff alleges the trial court erred by failing to find the shift in the burden of proof for self-defense contained in R.C. 2901.05 applied to his case. We sustain Gloff's assignments of error.

{¶17} The state argues that we should review the trial court's pre-H.B. 228 jury instruction for an abuse of discretion. This would be appropriate if the issue before the court was whether the jury was properly instructed. However, the precise issue before this court is whether the trial court erred in failing to apply the H.B. 228 amendment to R.C. 2901.05, which is a strict legal issue that we review de novo. *State v. Kormos*, 12th Dist. Clermont No. CA2011-08-059, 2012-Ohio-3128, ¶ 13.

{¶18} It is well settled that a statute is presumed to apply prospectively unless expressly declared to be retroactive. R.C. 1.48. Additionally, Section 28, Article II of the Ohio Constitution, prohibits the General Assembly from passing retroactive laws. Applying these two provisions, the Supreme Court of Ohio has established a two-part test to determine whether a statute may be applied retroactively. *State v. Gregoire*, 12th Dist. Butler No. CA2019-04-066, 2020-Ohio-415, ¶ 9, citing *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, ¶ 10.

{¶19} Under this test, a court must first determine as a threshold matter whether the General Assembly expressly intended the statute to apply retroactively. *State v. Hubbard*, 12th Dist. Butler No. CA2019-05-086, 2020-Ohio-856, ¶ 22. If not, the statute may not be applied retroactively. *Id.* However, if the General Assembly expressly indicated its intention that the statute apply retroactively, a court must move to the second step of the analysis and "determine whether the statute is remedial, in which case retroactive application is

permitted, or substantive, in which case retroactive application is forbidden." *State v. White*, 132 Ohio St.3d 344, 2012-Ohio-2583, ¶ 27.

{¶20} The statutory amendment at issue states:

> (A) Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution. The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense other than self-defense, defense of another, or defense of the accused's residence as described in division (B)(1) of this section, is upon the accused.
>
> * * *
>
> (B)(1) A person is allowed to act in self-defense, defense of another, or defense of that person's residence. If, at the trial of a person who is accused of an offense that involved the person's use of force against another, there is evidence presented that tends to support that the accused person used the force in self-defense, defense of another, or defense of that person's residence, the prosecution must prove beyond a reasonable doubt that the accused person did not use the force in self-defense, defense of another, or defense of that person's residence, as the case may be.

R.C. 2901.05 (Effective March 28, 2019).

{¶21} The trial court found that the H.B. 228 amendment applied only to offenses committed after the effective date of the amendment. In reaching this decision, the trial court engaged in a retroactivity analysis and determined that the General Assembly had not expressly provided for retroactivity and therefore the amendment only applied to offenses committed after the effective date. The trial court further determined that the amendment was substantive in nature, as the amendment altered the burden of proof, placing the burden upon the state to disprove self-defense.

{¶22} To the contrary, Gloff argues that the retroactivity analysis is unnecessary because the language of the amended statute refers to application "at the trial of a person." Thus, Gloff argues that the H.B. 228 amendment focuses on when the trial is held, as

opposed to when the offense was committed. As previously noted, the trial began two days before the effective date of the amendment and concluded one day after the effective date of the amendment.

{¶23} Following review, we agree with Gloff's position. The H.B. 228 amendment applies prospectively to *trials*. The pertinent amendment does not concern the conduct giving rise to the offense but relates to the applicable burden of proof for the affirmative defense of self-defense. Under the new amendment, if self-defense evidence is presented at trial, the prosecution must then prove, beyond a reasonable doubt, that the defendant did not use the force in self-defense. R.C. 2901.05(B).

{¶24} In this case, the parties presented conflicting testimony as to whether Gloff acted in self-defense. We acknowledge that this matter is complicated by the fact that Officer Thompson is a corrections officer and may use necessary force to control inmates or respond to resistance. *See* Ohio Adm.Code 5120-9-01; *State v. Williams*, 3d Dist. Allen No. 1-19-39, 2019-Ohio-5381, ¶ 14 (the standard for establishing self-defense is heightened when a police officer is the victim); *State v. Shepherd*, 11th Dist. Ashtabula No. 2003-A-0028, 2006-Ohio-4315, ¶ 31 (heightened standard for non-deadly force self-defense applies to correctional staff performing their duties in an institution when attempting to control an inmate). However, this court is not a trier of fact and resolution of the factual issues is a matter for the jury to decide. *State v. Johnson*, 12th Dist. Fayette No. CA2018-06-013, 2019-Ohio-754, ¶ 24. This court cannot assume the jury would reach the same verdict beyond a reasonable doubt when it was instructed that self-defense was Gloff's burden alone.

{¶25} This is not the first time that amendments to R.C. 2901.05 have been applied prospectively to trials. Previous decisions have described Ohio's treatment of affirmative defenses in criminal cases to divisions of chronological periods. *State v. Crawford*, 1st Dist.

Hamilton No. C-790221, 1981 Ohio App. LEXIS 12173, at *6-7 (July 15, 1981). Prior to 1974, Ohio followed the traditional common law rule that a defendant had the burden to prove his affirmative defense by a preponderance of the evidence. *Id.* at *7.

{¶26} The second period began with the effective date of the new criminal code and ended November 1, 1978, when R.C. 2901.05(A) was amended. As it pertains to this matter, the Supreme Court held that the "General Assembly enacted R. C. 2901.05 to be effective January 1, 1974. Every criminal trial held on and after that date is required to be conducted in accordance with the provisions of that section." *State v. Humphries*, 51 Ohio St.2d 95 (1977), paragraph four of the syllabus.

{¶27} The third period began November 1, 1978, when R.C. 2901.05(A) was amended so as clearly to impose on a defendant the burden of proving an affirmative defense by a preponderance of the evidence. Thus, the old common law treatment was re-established in Ohio. *Crawford* at *9.

{¶28} Now, with the H.B. 228 amendment to R.C. 2901.05, we begin a new period. Pursuant to R.C. 2901.05(B), if evidence is presented that "tends to support that the accused person used the force in self-defense" then "the prosecution must prove beyond a reasonable doubt that the accused person did not use the force in self-defense." *Id.* Just as the Supreme Court held in *Humphries*, the General Assembly enacted H.B. 228 to be effective March 28, 2019 and therefore criminal trials held on or after that date must be conducted in accordance with the provisions of that section.

{¶29} When the state began its case-in-chief on March 26, 2019, the H.B. 228 amendment was not yet in effect. However, the state was still presenting its case-in-chief on March 28, 2019 when H.B. 228 became effective. That same day, Gloff began his case-in-chief whereby he asserted a self-defense claim. Gloff rested his case the following day. Despite the fact that H.B. 228 was effective, the trial court provided pre-H.B. 228

instructions. Since the trial court did not apply the applicable law at the time concerning the state's burden of proof, we find we must reverse and remand this matter for further proceedings. As a result, we sustain Gloff's two assignments of error.

{¶30} Judgment reversed and remanded.

HENDRICKSON, P.J., and M. POWELL, J., concur.