[Cite as *State v. Henry*, 2024-Ohio-5364.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

RAMONE T. HENRY,

    DEFENDANT-APPELLANT.

CASE NO. 5-24-12

O P I N I O N

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

RAMONE T. HENRY,

    DEFENDANT-APPELLANT.

CASE NO. 5-24-13

O P I N I O N

Appeals from Hancock County Common Pleas Court
Trial Court Nos. 2016-CR-328 and 2016-CR-342

Judgments Affirmed in Part, Reversed in Part and Cause Remanded.

Date of Decision: November 12, 2024

APPEARANCES:

    *William T. Cramer* for Appellant

    *Steven M. Powell* for Appellee

**WALDICK, J.**

{¶1} This is a consolidated appeal in which the defendant-appellant, Ramone Henry ("Henry"), appeals the judgments of conviction and sentence entered against him in two cases in the Hancock County Court of Common Pleas, following his pleas of guilty to felony-level drug crimes in both cases. On appeal, Henry argues that the trial court erred in the terms of post-release control that were imposed at the time of sentencing, and further asserts that his trial court counsel was ineffective in not lodging an objection with regard to the post-release control terms. For the reasons set forth below, we reverse the judgment of the trial court relating to the imposition of post-release control in both cases.

*Procedural History*

{¶2} In Case Number 5-24-12 (2016 CR 328), a two-count indictment was returned against Henry on November 29, 2016. In that indictment, Henry was charged in Count 1 with Possession of Cocaine, a Major Drug Offender ("MDO") felony of the first degree in violation of R.C. 2925.11(A), and in Count 2 with Possession of Heroin, a felony of the second degree in violation of R.C. 2925.11(A). On December 7, 2016, an arraignment was held and Henry entered a plea of not guilty to the indictment.

{¶3} In Case Number 5-24-13 (2016 CR 342), a two-count indictment was returned against Henry on December 13, 2016. Count 1 of that indictment charged Henry with Possession of Marijuana, a felony of the fifth degree in violation of R.C. 2925.11(A). Count 2 of that indictment charged Henry with Trafficking in Cocaine, also

a felony of the fifth degree. On December 14, 2016, an arraignment was held and Henry entered a plea of not guilty to that indictment.

{¶4} On September 4, 2018, both cases were resolved with negotiated pleas of guilty. In Case Number 5-24-12, Henry pled guilty to Count 1, amended to remove the MDO allegation, making Count 1 a first-degree felony charge of Possession of Cocaine once amended, and he pled guilty to Count 2, amended to a third-degree felony charge of Possession of Heroin. In Case Number 5-24-13, Henry pled guilty to Counts 1 and 2 as originally indicted. The trial court accepted Henry's guilty pleas as outlined, ordered a presentence investigation, and set a sentencing hearing in the two cases for November 26, 2018.

{¶5} The sentencing hearing scheduled for November 26, 2018 was subsequently continued until December 20, 2018, due to inclement weather. On December 20, 2018, Henry failed to appear for sentencing and the trial court issued a bench warrant for Henry's arrest. Henry was not located until five years later when he was arrested on the bench warrant on December 26, 2023.

{¶6} On February 23, 2024, a joint sentencing hearing was held in the two cases. At that hearing, after counsel for the parties and Henry himself were granted the opportunity to be heard on the matter of sentencing, the trial court asked the prosecutor whether the "old time frames" for post-release control were applicable, or the new, as the post-release control statute had been amended in the time that Henry had been awaiting sentencing.

(2/23/24 Tr., 11). In response, the prosecutor indicated that the "old" post-release control time frames would apply. (*Id.*).

{¶7} The trial court then sentenced Henry in the two cases to an aggregate sentence of six years in prison. On the record at the sentencing hearing, the trial court further ordered that Henry would be subject to five years of post-release control on Count 1 in Case Number 5-24-12. As to Count 2 in that case, and as to both counts in Case Number 5-24-13, the trial court ordered on the record at the sentencing hearing that Henry would be subject to up to three years of post-release control. No objection was raised by defense counsel with regard to the issue of post-release control.

{¶8} On March 11, 2024, the trial court filed judgment entries of sentencing in the two cases.[1]

{¶9} On March 22, 2024, Henry filed a notice of appeal in both cases. On April 3, 2024, this Court ordered that the two appeals be consolidated.

{¶10} On appeal, Henry raises two assignments of error, both relating to the imposition of post-release control terms in these cases.

### First Assignment of Error

**Appellant's sentence was contrary to law in violation of R.C. 1.58 because the trial court failed to impose reduced periods of post-release control according to R.C. 2967.28 as amended prior to sentencing.**

---

[1]A review of those judgment entries reveals that the orders relating to post-release control contained therein do not entirely correspond with the orders made on the record at sentencing. In Case Number 5-24-12, the trial court's judgment entry reflects an order that Henry would be subject to a mandatory five years of post-release control. In Case Number 5-24-13, the trial court's judgment entry of sentencing reflects an order that Henry would be subject to a discretionary term of five years of post-release control. However, the outcome in these appeals is not impacted by those discrepancies in the judgment entries.

**Second Assignment of Error**

**Appellant's constitutional right to the effective assistance of counsel was violated by counsel's failure to object to applying the old law on post-release control resulting in longer periods of post-release control.**

*First Assignment of Error*

{¶11} In the first assignment of error, Henry argues that the trial court erred with regard to the post-release control terms that were imposed in both cases. Specifically, Henry asserts that the trial court erroneously applied a former version of R.C. 2967.28, which governs post-release control, when sentencing Henry in these cases. Henry argues that, pursuant to R.C. 1.58, the trial court was required to apply a newer version of R.C. 2967.28 that had taken effect prior to the time of Henry's sentencing hearing.

{¶12} In both cases, Henry's offenses were committed in November of 2016 and, as previously noted, he entered pleas of guilty in September of 2018. At those times, the effective version of R.C. 2967.28 provided, in relevant part:

> (B) * * * Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:
>
> (1) For a felony of the first degree or for a felony sex offense, five years;
>
> (2) For a felony of the second degree that is not a felony sex offense, three years;
>
> (3) For a felony of the third degree that is an offense of violence and is not a felony sex offense, three years.
>
> (C) Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to a period of post-release control

of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender. * * *

{¶13} However, R.C. 2967.28 was amended by 2021 H.B. 110, which took effect on September 30, 2021.[2] The amended version of R.C. 2967.28 that was in effect at the time of Henry's sentencing in February of 2024 provided as follows:

(B) * * * Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:

(1) For a felony sex offense, five years;

(2) For a felony of the first degree that is not a felony sex offense, up to five years, but not less than two years;

(3) For a felony of the second degree that is not a felony sex offense, up to three years, but not less than eighteen months;

(4) For a felony of the third degree that is an offense of violence and is not a felony sex offense, up to three years, but not less than one year.

(C) Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (4) of this section shall include a requirement that the offender be subject to a period of post-release control of up to two years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender. * * *

{¶14} Therefore, pursuant to the version of R.C. 2967.28 in effect at the time of Henry's sentencing hearing on February 23, 2024, a defendant such as Henry who was convicted of a felony of the first degree that is not a felony sex offense would be subject to

---

[2] R.C. 2967.28 was again amended on April 4, 2023. However, that amendment did not modify the terms of post-release control required by the version of the statute that took effect on September 30, 2021.

a mandatory period of post-release control of "up to five years, but not less than two years." Under the former version of the statute, however, a defendant convicted of a felony of the first degree was subject to a mandatory five-year period of post-release control.

{¶15} Additionally, pursuant to the version of R.C. 2967.28 in effect at the time of Henry's sentencing hearing, a defendant such as Henry who was convicted of a felony of the third degree that is not an offense of violence and not a felony sex offense or was convicted of a felony of the fifth degree would be subject to "up to two years" of discretionary post-release control. Under the former version of R.C. 2967.28, a defendant convicted of either of those levels and types of crimes was subject to "up to three years" of discretionary post-release control.

{¶16} Thus, the version of R.C. 2967.28 that took effect on September 30, 2021 served to reduce the terms of post-release control applicable to the four felony offenses to which Henry pled guilty in these cases, in comparison to the terms of post-release control required by the version of R.C. 2967.28 that had been in effect prior to that date.

{¶17} On appeal, Henry argues that the trial court erred by failing to afford him the benefit of the reduced post-release control terms under the amended version of R.C. 2967.28 that was in effect at the time of his sentencing. In support of that argument, Henry relies on R.C. 1.58(B), which provides:

> If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.

**{¶18}** Henry asserts that, pursuant to R.C. 1.58, the trial court was required to impose the lessened terms of post-release control dictated by the amended statute that had taken effect by the time Henry was sentenced in early 2024. On the other hand, the State of Ohio contends – as the State also did at sentencing – that the longer terms of post-release control dictated by the former version of R.C. 2967.28 are applicable to Henry's sentences in these cases.

*Analysis*

**{¶19}** Whether the trial court erred in failing to apply the amended version of R.C. 2967.28 at the time of sentencing in these cases is a legal issue that we review de novo. *State v. Mallory*, 2022-Ohio-3667, ¶ 90 (8th Dist.), citing *State v. Pitts*, 2020-Ohio-5494, ¶ 9 (1st Dist.), citing *State v. Consilio*, 2007-Ohio-4163, ¶ 8.

**{¶20}** Upon review, we find that the plain and unambiguous language of R.C. 1.58(B), *supra*, required the trial court in these cases to impose post-release control terms in accord with the version of R.C. 2967.28 that was in effect at the time of Henry's sentencing hearing. Our interpretation of R.C. 1.58 and its applicability here is also directly supported by the well-reasoned decision of our judicial colleagues in the Eighth District Court of Appeals in *State v. Mallory*, *supra*, at ¶¶ 85-97.

**{¶21}** While the State suggests, in reliance on *State v. Kase*, 2010-Ohio-2688 (7th Dist.), that R.C. 1.58 was satisfied in these cases on the theory that Henry's sentencing hearing had actually begun on December 20, 2018, when Henry failed to appear for sentencing, the record does not support that assertion. While the trial court went on record

with counsel on December 20, 2018 to discuss the fact that Henry was not present as required, no actual part of the sentencing hearing was commenced as of that date.

**{¶22}** The State also argues that applying R.C. 1.58 to this case serves to unjustly enrich Henry as a result of his failure to appear for sentencing for over five years. That position is supported by *State v. Scott*, 2013-Ohio-2866 (12th Dist.), upon which the State relies, wherein the court of appeals found it could not in good conscience apply R.C. 1.58 to a case where, as here, the defendant had absconded prior to sentencing and, in his absence, the potential sentence had been reduced following a statutory amendment. However, we find the rationale therein to be unpersuasive in light of the clear language of R.C. 1.58, and we decline to apply that decision to the cases before us. Moreover, as noted in *Scott*, there is additional case law from other districts suggesting that a defendant who causes a delay in sentencing by purposely failing to appear is nonetheless entitled to the benefit of any statutory amendments relating to sentencing that took effect in the meantime. *See State v. Boltz,* 2013–Ohio–1830 (6th Dist.); *State v. Blackburn,* 2012–Ohio–4590 (8th Dist.). In the instant case, while Henry will potentially benefit from a reduction in his post-release control time as a result of his absconding, we nevertheless find that R.C. 1.58 requires such a result.

**{¶23}** In summary, R.C. 1.58(B) provides that if the penalty or punishment for an offense is reduced by the amendment of a statute and if sentence has not already been imposed, then the amended reduced penalty or punishment shall be imposed. Thus, in accordance with R.C. 1.58(B), the determining factor as to which version of R.C. 2967.28

was applicable in these cases was not the dates the offenses were committed but whether sentencing had occurred prior to the amended version of R.C. 2967.28 taking effect. As Henry had not yet been sentenced as of the date the amendments to R.C. 2967.28 became effective, the trial court had a duty to impose post-release control terms in accordance with the amended version of that statute.

{¶24} The first assignment of error is sustained.

*Second Assignment of Error*

{¶25} In the second assignment of error, Henry argues that he was denied the effective assistance of counsel when his attorney failed to object to the terms of post-release control imposed by the trial court. However, our resolution of the first assignment of error renders the second assignment of error moot and we decline to address it. See App.R. 12(A)(1)(c).

*Conclusion*

{¶26} In Case Number 5-24-12, having sustained the first assignment of error, the judgment of the Hancock County Court of Common Pleas is affirmed in part and reversed in part. The judgment of conviction is affirmed but the terms of post-release control are vacated and the case is remanded for resentencing, limited to the proper imposition of post-release control. See *State v. Fischer*, 2010-Ohio-6238.

{¶27} In Case Number 5-24-13, having sustained the first assignment of error, the judgment of the Hancock County Court of Common Pleas is affirmed in part and reversed in part. The judgment of conviction is affirmed but the terms of post-release control are

vacated and the case is remanded for resentencing, limited to the proper imposition of post-release control. See *State v. Fischer*, 2010-Ohio-6238.

> ***Case Number 5-24-12:***
> ***Affirmed in part,***
> ***reversed in part.***
>
> ***Case Number 5-24-13:***
> ***Affirmed in part,***
> ***reversed in part.***

**WILLAMOWSKI, P.J., and ZIMMERMAN, J., concur.**

**/jlm**